Mary Ann JENNINGS, Plaintiff,

v.

GOODYEAR AIRCRAFT CORPORATION, a corporation of the State of Delaware, also known as Goodyear Aerospace Corporation, a corporation of the State of Delaware, Defendant.

Civ. A. No. 2712.

United States District Court
D. Delaware,
at Wilmington.
March 9, 1964.

Daniel F. Kelleher, Theisen & Lank, Wilmington, Del., for plaintiff.

E. N. Carpenter, II, Richards, Layton & Finger, Wilmington, Del., for defendant.

LEAHY, District Judge.

A Navy blimp manufactured by defendant crashed July 6, 1960 on the high seas beyond a marine league from shore, killing plaintiff's husband. Suit was brought in the Superior Court of Delaware on July 5, 1963. Defendant removed to this court [1] on the ground the suit is within this court's original jurisdiction because the action seeks damages in excess of $10,000 and is founded upon a right arising under a statute of the United States, the Death on the High Seas Act (DOHSA).[2] Thereafter, defendant moved to dismiss, asserting this court has no jurisdiction since the State court from which the action was removed did not have jurisdiction; the statute of limitations has run;[3] and plaintiff has no standing to sue since the DOHSA requires suit to be brought by decedent's personal representative. Plaintiff in turn moved to remand, claiming her action is founded upon a right afforded by the Wrongful Death Act of Delaware [4] rather than upon a right given by the DOHSA.

Both motions raise two issues:[5] (1) whether the DOHSA affords plaintiff her sole right of action; and (2) whether admiralty courts have exclusive jurisdiction under the DOHSA.

1. *Exclusive right.* Since a cause of action created by Delaware existed prior to the DOHSA's enactment, plaintiff contends the right to sue under this cause of action was saved from preemption by the saving clause of the Judiciary Act.[6] True, the United States Supreme Court in The Hamilton [7] held

---

1. Pursuant to 28 U.S.C. § 1441.

2. 46 U.S.C. §§ 761–767. Section 761 provides:

   "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued. Mar. 30, 1920, c. 111, § 1, 41 Stat. 537."

3. The statute of limitations embodied in the DOHSA is two years, while the period under the Wrongful Death Act of Delaware at the time of the crash was three years.

4. 10 Del.C. § 3704(b) provides: "Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

5. Plaintiff does not question application of the DOHSA to deaths resulting from operation of aircraft over the high seas.

6. 28 U.S.C. § 1333. "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

7. 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264 (1907).

the Wrongful Death Act of Delaware creates an enforceable right of action for death upon the high seas. However, it appears the compelling reason the Court so held, thirteen years before passage of the Federal Act, was the absence of legislation by Congress. The Hamilton is representative of the legal chaos existing prior to passage of the Act. Application of a state wrongful death act to deaths occurring on the high seas would defeat the very uniformity which Congress sought to promote and would today raise serious constitutional questions.[8] Thus, I hold there is no pre-existing right available to be saved by the saving clause of the Judiciary Act.

Section 7 of the DOHSA leaves unimpaired " * * * any State statute giving or regulating rights of action or remedies for death * * *." Prior to passage of the Act, section 7 limited state statutes to territorial waters, but the limiting words were deleted by a last minute amendment. Although the author of the amendment intended it should preserve state-created rights of action for death occurring on the high seas, remarks of other members of the House demonstrate the interest of Congress did not coincide with his.[9] Congress intended to provide a uniform remedy superseding all state death acts as to actions based on tort claims for death occurring on the high seas. Absence of a word cannot change the history, structure and purpose of the Act.

■ 2. *Exclusive jurisdiction.* This court would have original jurisdiction of plaintiff's tort claims, for the case arises under laws of the United States and so satisfies removal requirements of 28 U.S. C. § 1441. However, where a state court lacks jurisdiction, the federal court acquires none on a removal of the case.[10]

■■ Congressional history and statutory language do not support the theory of concurrent jurisdiction. The expression "may maintain a suit * * * in admiralty" [11] is used not to designate a permissible forum, but to declare there is a federal cause of action for wrongful death on the high seas which "the personal representative of the decedent may maintain." Suit can only be brought "in the district courts of the United States, in admiralty;" no permissive word is employed in this connection. Since the Superior Court of Delaware lacked jurisdiction to entertain plaintiff's cause of action based on tort claims, this court acquired none by removal.[12]

■ Counsel did not distinguish between tort and warranty claims. However, since allegations of the complaint appear to raise both types of claims, a distinction between the two must be made. Contrary to my holding with respect to tort claims, a cause of action based on claims sounding in warranty must be asserted in the state court under state law. Aside from the fact there is no maritime contract involved in this case,[13] this court in Noel, supra, held a cause of action in implied warranty of fitness and merchantability does not exist in federal maritime law.

■ While dismissal is the usual procedure where a court lacks jurisdiction over subject matter, the better course in this removed action, in view of the possible existence of warranty claims, is to remand to the Superior Court of Delaware. I am not to be understood, however, as expressing any view as to suf-

---

8. See, Noel v. United Aircraft, D.C.Del., 204 F.Supp. 929, 931.

9. See discussion of the history of the DOHSA in Wilson v. Transocean Airlines, N.D.Cal., 121 F.Supp. 85. As stated by the court, "It is equally likely that the approval of the amendment represented no more than the acceptance of what appeared to be an innocuous change in language to facilitate the immediate passage of the legislation."

10. Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943).

11. See note 2, supra.

12. As lack of jurisdiction is decisive of the matter of tort claims, it is unnecessary to consider other arguments raised by defendant.

13. See Weinstein v. Eastern Airlines, Inc., 3 Cir., 316 F.2d 758, at 766.

ficiency of the allegations to state a cause of action based on warranty under Delaware law.

I hold the exclusive right of action based on tort claims for the death of plaintiff's husband is that granted by the DOHSA, and this right must be maintained in admiralty. Since the Superior Court of Delaware lacked jurisdiction as to tort claims, this court acquired none by removal. However, warranties referring to the manufacture of a Navy blimp are not justiciable in admiralty notwithstanding the fact their breach is alleged as the result of a crash into navigable waters. The action must therefore be remanded to the Superior Court of Delaware for further proceedings on warranty issues.

An order may be submitted overruling defendant's motion to dismiss and granting plaintiff's motion to remand in accordance with the above.