Magel H. RAIRIGH, etc., et
al., Plaintiffs,

v.

Melis R. ERLBECK, etc., et
al., Defendants.

Sheila F. ALTIMUS, etc., et
al., Plaintiffs,

v.

Diana MATTHEWS, etc., et
al., Defendants.

Sheila F. ALTIMUS, etc., et
al., Plaintiffs,

v.

Melis R. ERLBECK, etc., et al.

Civ. A. Nos. J–79–1792, J–79–2311
and J–79–2312.

United States District Court,
D. Maryland.

May 1, 1980.

Richard J. Magid and William F. Ryan,
Jr., Whiteford, Taylor, Preston, Trimble &
Johnston, Baltimore, Md., for plaintiff Ra-
irigh.

Patrick A. O'Doherty, O'Doherty, Gal-
lagher & White, Baltimore, Md., for plain-
tiff Altimus.

Philip D. Bostwick and James B. Hamlin,
Shaw, Pittman, Potts & Trowbridge, Wash-
ington, D. C., and James H. Cook, Cook,
Howard, Downes & Tracy, Towson, Md., for
defendants.

SHIRLEY B. JONES, District Judge.

This Court, in a bench opinion on Febru-
ary 22, 1980, remanded three cases pending
before it to the Maryland state courts. 28
U.S.C. § 1447(c).[1] The right was reserved
to edit that ruling, not in substance, but
rather to articulate the reasoning in re-
manding these cases. The memoranda of
law, arguments at the hearing and the
Court's research reveal a paucity of authori-
ty in this Circuit on the issue presented.

That issue concerns an interpretation of
the Death on High Seas Act (DOHSA), 46
U.S.C. §§ 761–768. DOHSA provides, in
pertinent part, that:

[w]henever the death of a person shall be
caused by wrongful act, neglect, or de-
fault occurring on the high seas beyond a
marine league from shore of any State
. . . the personal representative of

---

1. One of the cases, *Rairigh, etc., et al. v. Erl-
beck, etc., et al.*, was remanded to the Superior
Court of Baltimore City. Two other actions,
*Altimus, etc., et al. v. Matthews, etc., et al.*, and

*Altimus, etc., et al. v. Erlbeck, etc., et al.*, were
remanded to the Circuit Court of Baltimore
County.

the decedent may maintain a suit for damages in the district courts of the United States, in admiralty . . . . 46 U.S.C. § 761.

The gravamen of the motions to remand is whether the plaintiffs must sue under DOHSA, or whether they can maintain another action. Is exclusive jurisdiction conferred on the federal courts or is there concurrent jurisdiction with the state in this particular case?

For the purposes of this ruling, the facts are not in serious dispute and it would serve no purpose to review them in detail. Suffice it to say, involved is an unfortunate accident in which five persons on board an airplane, which crashed off Nassau, the Bahamas, were killed.[2]

The Court would be less than candid if it did not state, paraphrasing Judge Frankel in *Lowe v. Trans World Airlines, Inc.*, 396 F.Supp. 9, 12 (S.D.N.Y.1975), that the result it reaches today is not unattended by doubts. As Judge Frankel stated in *Lowe*, "[t]he resulting issues, explored in learned and challenging papers on both sides, reflect something of the price and the rewards of our federal jurisprudence. Without pretending to a thorough or exhaustive treatment, the court will outline the reasons leading to the remand[s] plaintiffs seek." 396 F.Supp. at 10. This Court is of the same view.

Defendants contend that exclusive jurisdiction rests with DOHSA and thus in the federal courts. The Court is cognizant that this theory has been recognized by other courts. *E. g., Barbe v. Drummond*, 507

F.2d 794, 801 n. 10 (1st Cir. 1974); *Higa v. Transocean Airlines*, 230 F.2d 780, 784–86 (9th Cir. 1955); *Jennings v. Goodyear Aircraft Corp.*, 227 F.Supp. 246, 247–48 (D.Del. 1964); *Wilson v. Transocean Airlines*, 121 F.Supp. 85 (N.D.Cal.1954). In *Wilson*, the court highlighted the confusion in the law prior to the enactment of DOHSA in applying state wrongful death statutes when the death occurred on the high seas. 121 F.Supp. at 88. That court analyzed the legislative history of DOHSA, 121 F.Supp. at 89–90 and especially Representative Mann's amendment[3] to Section 7 of the Act, which left that portion as it reads today: "The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter."[4] The court reasoned, albeit the language of the Mann Amendment, that the desire to alleviate the confusion in applying various state statutes was utmost in Congress' mind and thus the clear purpose in enacting DOHSA was to "afford an exclusive, uniform federal right of action for death on the high seas [and] . . . not . . . as a mere supplement to state-created rights of action on the high seas." 121 F.Supp. at 90. As to the viability of the Mann Amendment, the court concluded that "[a]n ambiguous and ill-considered amendment to the bill, which became the Act, is not sufficient justification for reaching a contrary conclusion at this late date." 121 F.Supp. at 91.

Commentators have spoken on the issue and some, likewise, have concluded that DOHSA is the exclusive remedy when a death occurs on the high seas.[5]

---

**2.** Altimus raises some questions as to the exact location of the crash. She contends the airplane first struck the Nassau docks and then plunged into the water. The Court does not view this as a real problem for the reasons hereinafter set forth. It is not a determinative factor as to the issue involved, *i. e.*, whether exclusive jurisdiction is vested in the federal courts.

**3.** 59 Cong.Rec. 4482–4486 (1920).

**4.** 46 U.S.C. § 767. Recently one federal court, while recognizing case law to the contrary, stated that the purpose of the Mann Amendment was to retain state law remedies where

the wrongful death occurred on the statutorily defined high seas. *Chute v. United States*, 466 F.Supp. 61, 65 n. 9 (D.Mass.1978).

**5.** *E. g., Benedict on Admiralty*, § 81 at 7–5 n. 16 (7th ed. 1975) ("Prior to *Moragne* [*v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339], a majority of courts held that admiralty courts had exclusive jurisdiction over actions brought under the Death on the High Seas Act. . . ." (and cases cited therein); P. Edelman, *Maritime Injury and Death*, at 235 (1960 ed.) ("All the more recent cases [under DOHSA] confine the action to a federal admiralty court, without a right of jury trial."); G.

There is substantial, and in the Court's judgment, more persuasive authority as espoused by the plaintiffs which requires remanding these cases to the respective state courts. In *Lowe v. Trans World Airlines, Inc.*, 396 F.Supp. 9 (S.D.N.Y.1975), the plaintiffs essentially contended that the defendants were negligent in allowing a bomb to be placed in the luggage and put on board the plane, causing the plane to explode and crash over the high seas. The defendants had the case removed to federal court, as has been done in the instant case, asserting that the federal courts had original and exclusive jurisdiction under DOHSA. The court, while recognizing *Wilson v. Transocean Airlines, supra*, and its progeny, was unpersuaded that DOHSA was *the exclusive* remedy when a death occurred on the high seas. "We may assume that the Congress had the *power* to sweep all such matters, if brought in any American forum, within the exclusive jurisdiction created by DOHSA. But it would take a demonstration not yet known to this court to persuade that there was any purpose to make such a drastic change in 1920." 396 F.Supp. at 12. This Court is likewise so convinced, despite the factual differences between *Lowe* and the instant case. In *Safir v. Compagnie Generale Transatlantique*, 241 F.Supp. 501 (E.D.N.Y.1965), it was stated that:

> [i]f the conclusion in *Devlin v. The Flying Tiger Lines*, [220 F.Supp. 924 (S.D.N.Y. 1963)] . . . and in *Jennings v. Goodyear Aircraft Corporation*, [227 F.Supp. 246 (D.Del.1964)], is that the Death on the High Seas Act swept away all pre-existing state remedies and confined all wrongful death suitors to admiralty claims in the federal court, . . . and in the Federal Court or nowhere, . . . then the conclusion appears, similarly, to deny meaning to Section 7 of the Act and has no affirmative support in the modest language of the Act, which simply grants an admiralty jurisdiction and regulates it. 241 F.Supp. at 508–09.

Gilmore, C. Black, Jr., *The Law of Admiralty*, § 6 ·30 at 304 (1957 ed.) ("Jurisdiction [and in this instance 'jurisdiction' means 'jurisdiction'

*See Hammill v. Olympic Airways, S. A.*, 398 F.Supp. 829, 836–37 (D.D.C.1975) (citing *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 400 n. 14, 90 S.Ct. 1772, 1787 n. 14, 26 L.Ed.2d 339 (1970)).

Thus, with due deference to the court in *Wilson v. Transocean Airlines, supra*, there is a divergence of views as to the meaning and interpretations of DOHSA, given its legislative history. The Court finds the studies of the legislative history are not helpful in interpreting DOHSA. The wording of the statute is reasonably clear. The action may be brought in the district courts and, if it is, it has to be in admiralty. 46 U.S.C. § 761. That wording does not bestow exclusive jurisdiction in the federal courts.

The Court has also considered treatises and studies supporting this interpretation of DOHSA. The American Law Institute (ALI), pursuant to a request from former Chief Justice Earl Warren, prepared a report concerning the question of federal and state jurisdiction, *Study of the Division of Jurisdiction Between State and Federal Courts* (1969). One of the areas considered was "Admiralty and Maritime Jurisdiction" at page 225 of the report. In the commentary to that study, ALI stated that absent a substantial justification, federal jurisdiction should not be exclusive. *Id.* at 236. With specific reference to DOHSA, ALI, citing *Safir, supra*, indicated that a reading of the statute as mandating exclusive jurisdiction in federal courts was hardly necessary. *Id.* at 236–37. ALI recognized those cases holding that federal admiralty jurisdiction is exclusive, but it also recognized the authority to the contrary. ALI concluded that state courts should have concurrent jurisdiction. While this study is obviously not binding, it is highly persuasive as a more modern view. One commentator suggests that the legislative history, the correct case law and "the study of the American Law Institute reinforces the sensible conclusion that both state and federal courts

and not 'venue'] is exclusively in the federal district court in admiralty.")

have jurisdiction of federal [DOHSA] actions . . . ." Forde, *Concurrent Jurisdiction of State and Federal Courts in Actions Under the Federal Death on the High Seas Act*, 1969 *Trial Lawyers' Guide*, 27, 37.[6]

As in the *Lowe* case, this opinion may not be the most steeped as far as legal analysis is concerned and certainly it is not as extensive a review as that in *Wilson v. Transocean Airlines*, 121 F.Supp. 85 (N.D. Cal.1954). The Court, nonetheless, believes it to be the more modern view on the issue of exclusivity of jurisdiction. The persuasiveness of legal analysis does not depend on the number of cases. Contrary to what the defendants have respectfully argued, *Lowe v. Trans World Airlines, Inc.*, 396 F.Supp. 9 (S.D.N.Y.1975) is steeped in common sense and, in this Court's judgment, articulates the proper view of federal/state concurrent jurisdiction on this issue.[7] Additionally, if there is any doubt as to federal jurisdiction, these cases should be remanded. 14 Wright & Miller, *Federal Practice and Procedure*, § 3739 at 762, 762–63 n. 23.

The motion on behalf of the plaintiffs to remand their respective cases to the Maryland state courts is granted. Costs, given the good faith arguments by the defendants, are denied. 28 U.S.C. § 1447(c).

---

6. *See also* 14 Wright & Miller, *Federal Practice and Procedure*, § 3672 at 288.

7. There is nothing in *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978) or *Executive Jet Aviation v. City of* *Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972) which mandates exclusive jurisdiction, rather than permitting a plaintiff to choose his cause of action under DOHSA.