**Michael KEEGAN, as Personal Representative of the Estate of Patrick J. Keegan, deceased, Plaintiff,**

v.

**Henry STERLING and Jules Hagan, Defendants.**

**No. 85–1894–CIV–ARONOVITZ.**

United States District Court, S.D. Florida.

May 30, 1985.

Alan D. Sackrin, North Miami, Fla., for plaintiff.

William E. Cassidy, Miami, Fla., for defendants.

ARONOVITZ, District Judge.

THE ABOVE–STYLED CAUSE was removed to this Court on May 24, 1985 upon the Defendant Hagan's Petition for Removal. The Court has *sua sponte* examined the pleadings filed in this cause and has carefully considered the applicable law. Thereupon, it is

ORDERED AND ADJUDGED that this cause be, and the same is hereby, REMANDED, and the clerk is hereby directed to transfer this cause to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.

The Amended Complaint in this action was filed in state court on April 16, 1985, and alleges that Patrick J. Keegan was a seaman and fisherman employed on Defendants' vessel, the "Paula Marie." The Plaintiff, Patrick J. Keegan's personal representative, alleges that on or about March 24, 1983, the "Paula Marie" capsized in rough seas at a distance in excess of one marine league from the shore of the State of Florida. Patrick J. Keegan was lost at sea, and is presumed to have died as a result of the accident. Count 1 of the Amended Complaint alleges a claim under the Jones Act, 46 U.S.C. § 688, and Count 2 alleges a claim under the Death on the High Seas Act (hereinafter "DOHSA"), 46 U.S.C. § 761 et seq.

■ This case was improperly removed for three separate and independent reasons. First, the Petition for Removal does not state a valid ground for removal to federal court. In the Petition, Defendant Hagan asserts that the case is governed by Admiralty law, including DOHSA, and that DOHSA provides for exclusive federal jurisdiction. No cases are cited in support of Defendant's claim. 28 U.S.C. § 1333 provides for exclusive federal jurisdiction over cases arising in admiralty, although "saving to suitors in all cases all other remedies to which they are otherwise entitled." While DOHSA does not by its own terms provide for exclusive federal jurisdiction, it has been held that since the purpose of DOHSA was "to afford an exclusive, uniform federal right of action for death on the high seas," jurisdiction is vested exclusively in the federal courts. *Wilson v. Transocean Airlines*, 121 F.Supp. 85 (N.D. Cal.1954). But see *Rairigh v. Erlbeck*, 488 F.Supp. 865 (D.Md.1980).

■ Although it can thus be argued that the Florida state court may not adjudicate Plaintiff's DOHSA claim, the fact that jurisdiction may be exclusively federal is not a valid ground for removal. Federal removal jurisdiction is derivative, and a federal court derives no jurisdiction from a state court having none. *Spencer v. New Orleans Levee Board*, 737 F.2d 435 (5th Cir.1984). As the Fifth Circuit Court of Appeals stated, "one of the great anomalies of federal jurisdiction is that a federal court may not acquire jurisdiction on removal of a claim of exclusively federal cognizance." *Azzopardi v. Ocean Drilling & Exploration*, 742 F.2d 890 (5th Cir. 1984). In alleging that the DOHSA claim may be brought exclusively in federal court, the Petition for Removal thus on its own terms does not state an appropriate ground for removal.

■ As a second and independent reason for remanding the case, it has long been the law that a Jones Act claim brought in state court cannot be removed to federal court. *Pate v. Standard Dredging Corp.*, 193 F.2d 498 (5th Cir.1952). As stated above, Count 1 of the Amended Complaint alleges a claim under the Jones Act. Although the Jones Act itself does not prohibit removal, the Act was drafted to adopt the general provisions of the Federal Employers' Liability Act, which does prohibit removal. See 14 Wright & Miller, *Federal Practice and Procedure*, § 3674. It might be argued that 28 U.S.C. § 1441(c) implies that if a removable separate and independent claim is joined with a non-removable Jones Act claim, the entire suit may be removed to a federal court subject to a later remand of the non-removable claim. As stated above, however, the DOHSA claim which is joined with the non-removable Jones Act claim in the Amended Complaint is not itself removable. Moreover, since the Amended Complaint alleges essentially "one wrongful invasion of a single primary right," the DOHSA and Jones Act claims cannot be deemed "separate and independent claims" under § 1441(c). *Pate, supra*, 193 F.2d at 501.

■ The Petition for Removal is defective for a third and independent reason.

Defendant Henry Sterling did not join in the Petition for Removal. Although in the record it appears that Defendant Sterling objected to the sufficiency of service of process upon him, this Court could not determine from the face of the Petition whether the state court had obtained jurisdiction over Defendant Sterling. Ordinarily, the Petition for Removal must be signed by all of the Defendants. *Estate of Fitzpatrick v. Brehm,* 580 F.Supp. 731 (W.D. Ark.1984). If there is any doubt as to federal jurisdiction, a removed case should be remanded. *Rairigh, supra,* 488 F.Supp. at 868.