820 F.2d 913
 125 L.R.R.M. (BNA) 2953, 40 Ed. Law Rep. 91
 Bruce I. OLIVER, Mary S. Simler, Thomas J. Pabst, and John
F. Sawyer, Plaintiffs-Appellants,
v.
FORT WAYNE EDUCATION ASSOCIATION, INC., Fort Wayne Community
Schools, Ronald G. Kleopfer, J.H. Towles, Stephen Corona,
Helen P. Brown, Richard T. Doermer, Ann K. Silletto, and
Eugene A. Yergens, all in their capacity as members of the
Board of School Trustees of Fort Wayne Community Schools,
Defendants-Appellees.
 No. 87-1003.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 22, 1987.
Decided June 9, 1987.
 
 William T. Hopkins, Jr., Gallucci, Hopkins & Theisen, P.C., Ft. Wayne, Ind., for plaintiffs-appellants.
 Richard J. Darko, Tabbert, Cremer, & Capehart, Indianapolis, Ind., for defendants-appellees.
 Before POSNER and FLAUM, Circuit Judges, and WILL, Senior District Judge.*
 FLAUM, Circuit Judge.
 
 
 1
 The plaintiffs in this suit, teachers in the Fort Wayne Community Schools, are defendants in Indiana state court proceedings. In the state proceedings, the plaintiffs, who are not union members, were sued by the Fort Wayne Educational Association ("the union") for fair share representation fees. The plaintiffs counterclaimed, arguing that the procedures used to determine the fees violated due process. The jury returned a verdict in favor of the union, finding that the plaintiffs did owe the union money. Shortly thereafter, the state judge held a hearing on the constitutionality of the procedures that were used to determine the fees. The state proceedings are now on appeal to the Indiana Court of Appeals.
 
 
 2
 After the state jury returned its verdict, but before the state court held its hearing, the plaintiffs filed suit in federal district court. The plaintiffs alleged that the contract clause authorizing the fee was unconstitutional on its face. The district court abstained, staying the federal proceedings. See Oliver v. Fort Wayne Education Association, 651 F.Supp. 778 (N.D.Ind.1986). The plaintiffs appealed the grant of the stay. We have jurisdiction under Drexler v. Southwest Dubois School Corp., 504 F.2d 836, 838 (7th Cir.1974) (en banc), and affirm the district court's order.
 
 I.
 
 3
 The Fort Wayne Community School Corporation ("the school board") and the union had a collective bargaining agreement. The agreement permitted the union to charge a fair share representation fee to members of the unit who did not join the union. Oliver, 651 F.Supp. at 780. For the union to obtain this fee, a teacher had to agree to a deduction from his or her paycheck. If the teacher did not agree to the deduction, the union could file suit after several years of nonpayment, and request a judgment to establish the amount of the fee the teacher owed. After several years of nonpayment, the union filed several suits, some of which were consolidated, against the plaintiffs in Indiana state court.
 
 
 4
 In the Indiana actions, the plaintiffs counterclaimed under 42 U.S.C. Sec. 1983, alleging that the procedures used to collect the fair share representation fees violated their First and Fourteenth Amendment rights. The state judge bifurcated the trial. The jury found that the plaintiffs owed the union money, but granted less than the requested amount of damages. In the state judge's written findings, made some six months after the jury verdict, he concluded that although the union was due some amount, the procedures it used to determine the fees violated due process. From the state court's order, it is clear that the court also considered the constitutionality of the contract clause that permitted the union to collect the fair share representation fees.
 
 
 5
 Between the date the state court jury gave its verdict, and the date the state trial judge made his findings of law, the plaintiffs filed this suit in federal court. In the federal suit, the plaintiffs based their claim on the same grounds that they counterclaimed on in state court: that the fair share representation fee clause in the agreement violated their First and Fourteenth Amendment rights. Judge Sharp concluded, in a thorough and well-reasoned opinion, that the court should abstain from exercising its jurisdiction under Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and stayed the federal court proceedings. We conclude that both Colorado River and our decision in Lumen Construction, Inc. v. Brant Construction Co., 780 F.2d 691 (7th Cir.1986), counsel in favor of the district court abstaining from exercising its jurisdiction, and therefore affirm the decision of the district court.
 
 II.
 
 6
 We reject each of the arguments that the plaintiffs put forth to support their contention that the district court abused its discretion in abstaining. Because of Judge Sharp's excellent discussion of the Colorado River doctrine, Oliver, 651 F.Supp. 778, we discuss the few factors that are especially important in this case.
 
 
 7
 The Colorado River type of abstention is concerned with efficient judicial administration and the avoidance of duplicative litigation. See Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246. The Indiana cases have gone to judgment; the federal case has yet to begin. The prevention of two lawsuits in two different court systems on the same issue counsels in favor of abstention, see Lumen Construction, 780 F.2d at 696-97.
 
 
 8
 This court has also expressed its concern that if federal courts do not abstain from such lawsuits, Sec. 1983 suits could be used to reexamine federal issues raised in state suits. See Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc., 795 F.2d 1344, 1347 (7th Cir.1986). In state court, the plaintiffs raised constitutional challenges to the fee collection procedures. In federal court, the plaintiffs grounded their suit on the same constitutional claims and used Sec. 1983 to obtain jurisdiction. We believe that the plaintiffs are attempting to use Sec. 1983 to reopen a state case that has already gone to judgment and is on appeal.
 
 
 9
 The plaintiffs argue, however, that abstention is inappropriate. The plaintiffs suggest that, because the school board is not a party to the state action, they cannot obtain complete relief in state court. See Lumen Construction, 780 F.2d at 694. We reject this contention. The school board need not be a party to the state court proceedings for that court to strike down a clause in an agreement to which the school board is a party. A judgment against the union barring it from using the collection procedures presently in place is effective against the school board. Moreover, the plaintiffs have put forth no reason justifying why they did not bring in the school board in the state court proceedings.
 
 
 10
 The plaintiffs also argue that, because the issues in the state and federal actions are different, abstention is inappropriate. We reject this argument. In the state court action, the theory of the plaintiffs' counterclaim was that the procedures used to determine the amount of the fair share fee violated the First and Fourteenth Amendments. In the federal court action, the plaintiffs make the same claim, arguing that the clause in the agreement authorizing the fair share representation fee is unconstitutional on its face. Also, the relief sought in both suits is the same: an injunction prohibiting enforcement of the disputed clause and attorney's fees.
 
 
 11
 The plaintiffs' contention that in state court they are only attacking the clause as applied, but in federal court they are attacking it on its face, is an attempt to camouflage a nonexistent distinction. As we see it, the plaintiffs are seeking the same relief in both suits. To avoid such duplicative litigation, abstention is appropriate. Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246.
 
 III.
 
 12
 We conclude that, in this case, the district court properly abstained because: the state court action has gone to judgment and it can adequately protect the plaintiffs' federal rights; and the Sec. 1983 suit may have been a method to collaterally attack a final state court judgment.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge of the Northern District of Illinois, is sitting by designation