Allan J. STEVO, Plaintiff,

v.

CSX TRANSPORTATION,
INC., Defendant.

No. 95 C 7449.

United States District Court,
N.D. Illinois,
Eastern Division.

July 25, 1996.

David Mark Bagdade, Carey M. Stein, Ashman & Stein, Chicago, IL, for Allan J. Stevo.

James Stanton Whitehead, Sidley & Austin, Chicago, IL, for CSX Transportation, Inc.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Litigation began between these two parties in 1991 when the plaintiff, Allan Stevo ("Stevo"), filed a claim in state court under the Federal Employer's Liability Act, 45 U.S.C. §§ 51–60 ("FELA"), which alleged that CSX Transportation's negligence caused his back injury.[1] Several years later, in November, 1995, the plaintiff filed a two count complaint against his employer, also in state court. Count I of the complaint in the Circuit Court of Cook County alleged that CSX Transportation violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, when it restricted the plaintiff's access to information regarding job openings after his release to return to work. Def.'s Ex. A. Count II alleged retaliatory discharge in response to the plaintiff's pending FELA claim. *Id.* On December 19, 1995, the defendant removed the plaintiff's ADA complaint pursuant to 28 U.S.C. § 1446(a)[2] on two grounds: 1) diversity of citizenship, and 2) federal question jurisdiction. Def.'s Notice of Removal at 2, 7–8. The plaintiff wishes to remand the case to the state court pursuant to 28 U.S.C. § 1447(c).[3] For the reasons listed below, this court denies the plaintiff's motion to remand.

### I. Standard of Review

In cases where a party wishes to remand a case which has been removed, the burden rests on the party seeking to uphold the removal. *Wilson v. Republic Iron & Steel,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). "The case should be remanded if there is doubt as to the right of removal in the first instance." *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976); 14A Charles Alan Wright et. al., *Federal Practice and Procedure,* § 3739 at 574. Accordingly, in this case the defendant carries the burden.

### II. Analysis

Prior to the 1988 amendment of § 1447(c), a party could only move for remand when removal was "improvident" or when the court lacked subject matter jurisdiction. *See, e.g., Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 344, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976). The 1988 amendment changed the statute's language such that a party may remand based on a "defect in the

---

**1.** The plaintiff's FELA action is still pending in state court as of the writing of this opinion; the most recent hearing for that claim occurred on June 4, 1996.

**2.** According to § 1446(a):

[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
28 U.S.C. § 1446(a) (1994).

**3.** Section 1447(c) provides that:

[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
28 U.S.C. § 1447(c) (1994).

removal procedure" or when the "district court lacks subject matter jurisdiction." The amendment also added a thirty day limitations period for motions to remand based on procedural defects, while motions alleging lack of jurisdiction can be brought until the final judgment of the case under the new statute.

As a preliminary matter, the plaintiff does not question the court's jurisdiction over the subject matter of the complaint. Indeed, the defendant properly points out that this court has subject matter jurisdiction based on diversity of citizenship and because the claims arise under federal law, namely the ADA. Def.'s Mem. at 4.

While the plaintiff does not rely on "lack of subject matter jurisdiction for remand," Stevo presents two other arguments for remand. First, the plaintiff suggests that the case was improperly removed because the state courts have concurrent jurisdiction over the ADA and therefore this court should remand the action. Second, the plaintiff argues that because the parties are currently litigating similar causes of action in state court, this court should abstain from judgment and remand based on the *Colorado River* doctrine. We address each of the plaintiff's arguments below.

### A. Concurrent Jurisdiction

■ The plaintiff first argues that the removal to federal court was somehow invalid because the state courts have concurrent jurisdiction over the ADA. Pl.'s Mot. at 2, 6. Clearly, in a majority of jurisdictions, absent a specific statutory language to the contrary, concurrent jurisdiction does not bar removal. *See, e.g., Warren v. United States,* 932 F.2d 582 (6th Cir.1991); *Pueblo Intern., Inc. v. De Cardona,* 725 F.2d 823 (1st Cir.1984); 14A *Federal Practice and Procedure,* 3729 at 495. The plaintiff also cites to *Rairigh v. Erlbeck,* 488 F.Supp. 865 (D.Md.1980), ostensibly in support of remand based on concurrent jurisdiction. In that case, however, the presence of concurrent jurisdiction was not the determinative factor. Rather, the court considered whether a state tort claim was preempted by the Death on the High Seas Act. *Id.* Since preemption is not at issue in the case

at bar, *Rairigh* does not support the plaintiff's misguided contention. Consequently, the court finds no reason to remand based on concurrent jurisdiction.

### B. The Colorado River Doctrine

In his second argument, plaintiff claims that, according to the *Colorado River* doctrine as applied in *Jones v. Illinois Central Railroad Co.,* 859 F.Supp. 1144 (N.D.Ill. 1994), this court should abstain from ruling to avoid duplicative litigation of the plaintiff's FELA claim currently pending in state court. The defendant questions the use of this doctrine as a justification for remand. Def.'s Mem. at 2. This court must engage in a two-step analysis to determine whether the plaintiff properly relies on the *Colorado River* doctrine. The first step is to determine whether a court can justify remand based on grounds that are not provided within § 1447(c). The second, assuming that courts are not limited to the statutory bases, is to consider whether the *Colorado River* doctrine was properly invoked in this situation.

#### 1) Non-statutory Justifications for Remand

■ The defendant argues that the court should construe § 1447(c) narrowly and only remand based on specific statutory grounds. Def.'s Mem. at 2. Prior to the 1988 amendment to the statute there were several cases which mandated such a strict construction. *See, e.g., Thermtron Products,* 423 U.S. at 345, 96 S.Ct. at 590 (holding that "the district court exceeded its authority in remanding on grounds not permitted by the controlling statute"); *Cook v. Weber,* 698 F.2d 907, 909 (7th Cir.1983) (holding that "the basis for remanding a removed case must be grounded on federal statutory authority"); *Ryan v. State Bd. of Elections of the St. of Ill.,* 661 F.2d 1130, 1134 (7th Cir.1981) (holding that remand based on abstention doctrine was improper because it was justified on "a ground not specified in section 1447(c)").

■ Since the eve of the 1988 amendment to § 1447(c) courts have recognized that there may be non-statutory justifications for granting a remand. *See, e.g., Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (remanding a case to state court after the plaintiff had dropped all federal claims and only pendent

state claims remained); *Rothner v. City of Chicago*, 879 F.2d 1402, 1406 (7th Cir.1989) (recognizing that "1447(c) does not contain all of the permissible grounds for remand"); *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 901 F.Supp. 1349, 1351 (N.D.Ill.1995) (holding that remand is justified for "non-statutory, common law reasons"). While the Seventh Circuit decisions have shed little insight into what non-statutory justifications are acceptable, other circuits have accepted non-statutory, discretionary justifications for remand, and several have held specifically that remand based on an abstention doctrine is proper. *See, e.g., Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207 (3rd Cir.1991) (holding that remand based on forum selection clause in re-insurance agreement, though not statutorily derived, is grounds for remand); *Corcoran v. Ardra Ins. Co.*, 842 F.2d 31, 36 (2d Cir.1988) (holding that "if a district court has the power to dismiss an action on grounds of abstention it has the power to remand to the state court on those grounds"); *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1501–02 (8th Cir.1992) (concluding that "the district court had the authority to remand this case to state court based on abstention, a reason not expressly articulated in 1447(c)"). In a similar vein, we conclude that because the Seventh Circuit has recognized non-statutory justifications for remand, this court can properly remand based on abstention doctrine in the appropriate circumstances.[4]

### 2) Applicability of the Colorado River doctrine

Having found that a court may remand based on the *Colorado River* doctrine, we must determine whether that doctrine should be applied in this case. The federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). While abstention should only occur in exceptional circumstances in order to avoid "shirking the solemn responsibility of the federal courts to 'guard, enforce, and protect every right granted or secured by the constitution of the United States.'" *Kusper v. Pontikes*, 414 U.S. 51, 55, 94 S.Ct. 303, 306, 38 L.Ed.2d 260 (1973) (citations omitted), the Supreme Court recognized an exception in *Colorado River*. In that case the Court abstained in order to comport with "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" and "to avoid duplicative litigation." *Id.* at 817, 96 S.Ct. at 1246.

In the present case the plaintiff relies *Jones*, 859 F.Supp. at 1147, where Judge Shadur relied on the *Colorado River* doctrine to dismiss a railroad worker's ADA claim against an employer. *Id.* In that case, as in ours, the plaintiff railroad worker filed a FELA claim in state court alleging that his employer's negligence caused him injury. *Id.* at 1144. However, unlike our case, the *Jones* plaintiff simultaneously filed an ADA action in federal court alleging that his employer discriminated against him due to the same injury that was the basis of the FELA claim. *Id.* Judge Shadur dismissed the complaint because the plaintiff's ADA and

---

4. Despite the fact that the plaintiff's motion for remand was filed well over thirty days after the notice of removal, the parties themselves have not addressed the issue of whether the thirty day statute of limitations placed on "procedural defects" by § 1447(c) applies to remand based on abstention. There has been some variation between the circuits. On one extreme, the Fifth Circuit considers anything which does not challenge the court's jurisdiction over the matter a procedural defect and therefore subject to the thirty day statute of limitations. *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir.1991). The Seventh Circuit, on the other hand, has espoused a narrow definition of "procedural defect." *See, e.g., Rothner*, 879 F.2d at 1411; *In Matter of Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994) ("1446 establishes procedures for removal and a 'defect in the removal procedure' means failure to comply with 1446"). The Seventh Circuit therefore has aligned itself with those jurisdictions which have held similarly that the statute of limitations applies to a narrow conception of procedural defects and, subsequently, does not apply to remands based on abstention. *See, e.g., Melahn*, 965 F.2d at 1502–03; *Rodrigues v. County of Hawaii*, 823 F.Supp. 798, 802–03 (D.Haw. 1993); *Todd v. DSN Dealer Service Network, Inc.*, 861 F.Supp. 1531, 1536 (D.Kan.1994). Therefore, the plaintiff's motion for remand is not time-barred.

FELA claims were "closely linked" through the potential damages the plaintiff could collect. *Id.* at 1146. Specifically, the court stated that:

> the existence of Jones' claimed disability— the inability to return to his former job— means that the future loss of income will necessary bulk very large in Jones' FELA claim for damages in the Circuit Court ... [A]n employer's willingness (or its forced decision) to put the employee back to work in a comparably compensated position [as might occur as a result of the ADA claim] would cut ·off those future damages [collected under FELA]."

*Id.* While Judge Shadur recognizes a logistical difficulty when confronting such a situation, this court believes that there are significant differences between the situation in *Jones* and the present case. Moreover, this court does not believe that the plaintiff's ADA and FELA claims are sufficiently "parallel" as required by the caselaw. These insufficiencies bar an application of the *Colorado River* doctrine.

▮ Stevo, unlike the plaintiff in *Jones*, is in federal court, at least in part, based on diversity of citizenship. Generally, courts should exercise caution when:

> employing abstention doctrine to remand a case properly removed to federal court on the basis of diversity jurisdiction ... The possibility of prejudice to out-of-state litigants, which provides whatever diminishing justification for federal diversity jurisdiction that remains, suggests that courts should be wary of using judicially crafted abstention doctrines to deny out-of-state litigants a federal forum that they prefer.

*Minot v. Eckardt–Minot*, 13 F.3d 590, 593 (2d Cir.1994). This concern is greater when the out-of-state defendant has voiced its preference for the federal forum by removing the case to federal court, as it did in this situa-

tion. In *Jones*, on the other hand, the plaintiff filed his ADA and FELA claims in separate venues.[5]

▮ Moreover, though it might be "intuitively troublesome to contemplate the prospect that the parties should do battle on two different fronts ... on such closely related claims," *Jones*, 859 F.Supp. at 1145, this court is not convinced that the claims are sufficiently parallel to invoke the *Colorado River* doctrine. When applying the *Colorado River* doctrine, "[a]s a threshold matter, the Court must determine whether the state action and the diversity action in federal court are parallel." *Chicago Title and Trust Co. v. Sizes Unlimited*, No. 91 C 0179, 1991 WL 119147 (N.D.Ill. June 28, 1991) (citing *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir.1988)). Claims are parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum, thus making it likely that judgment in one suit will have a res judicata effect in the other suit." *Calvert Fire Ins. Co. v. American Mutual Reins. Co.*, 600 F.2d 1228, 1229 n. 1 (7th Cir.1979) (cited in *Interstate Material Corp.*, 847 F.2d at 1288).

In this case, it is clear that whether the plaintiff wins or loses in his state court FELA claim, he still may have a cause of action for discrimination under the ADA; the determination that the defendant was or was not negligent should have no bearing on the attempt to discover whether the defendant discriminated against the plaintiff on the basis of that injury. While the claims may be similar they are not "parallel" because the resolution of the FELA claim will not dispose of the cause of action in this court.

· The plaintiff argues that the claims need not be identical in order to be parallel. Pl.'s Mem. at 4. The Seventh Circuit, however, has typically made exception only for cases in

---

5. Judge Shadur suggests that were the parties in *Jones v. Illinois Central* to be in federal court based on diversity of citizenship, 735 ILCS 5/2–619(a)(3) would govern. That statute allows courts to dismiss an action based on "another action pending between the same parties for the same cause." 735 ILCS 5/2–619(a)(3). Both the Illinois statute and the *Colorado River* doctrine require the same degree of substantial similarity

between the two actions. *Fofi Hotel Co. v. Davfra Corp.*, 846 F.Supp. 1345, 1349 (N.D.Ill. 1994). Therefore, this court's analysis of the standard under the *Colorado River* doctrine, *infra*, should be sufficient to demonstrate that the plaintiff's FELA claim and ADA claim are not similar enough to warrant the invocation of the Illinois statute.

which the "posture of the parties is reversed, so that the defendant in the state suit has become the plaintiff in the federal suit," *Calvert Fire Ins. Co.*, 600 F.2d at 1229 n. 1; *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir.1990), or when defendants have added to their number. *See, e.g., Interstate Material Corp.*, 847 F.2d at 1288. Generally, the Seventh Circuit has employed a stricter standard that the plaintiff has envisioned. *See, e.g., Locke v. Bonello*, 965 F.2d 534, 537–38 (7th Cir.1992) (holding that had federal action been filed while state action was pending, the two would have been parallel because the complaints were for the same personal injury claims); *Rosser v. Chrysler Corp.*, 864 F.2d 1299 (7th Cir.1989) (abstaining under the *Colorado River* doctrine where state and federal claims are for the same wrongful death action); *Oliver v. Fort Wayne Educ. Ass'n*, 820 F.2d 913, 915 (7th Cir.1987) (holding that cases were parallel for the purposes of the *Colorado River* doctrine where the federal court complaint requested the same relief as in the state court counterclaim); *Lumen Constr. Inc. v. Brant Constr. Co.*, 780 F.2d 691, 698 (7th Cir.1986) (holding that claims are parallel where "virtually identical document" to the state court counterclaim, including typographical errors, is filed as a complaint in federal action). Because this court finds that the actions are not sufficiently "parallel," the *Colorado River* doctrine is inapplicable.

This court finds the plaintiff's arguments for remand unconvincing. As discussed, the plaintiff's argument that removal was improper because the state courts have concurrent jurisdiction is unpersuasive. Furthermore, the court finds no basis for abstention under the *Colorado River* doctrine.

### III. Conclusion

For the reasons stated above, this court denies the plaintiff's motion to remand.