### INLAND IRVING NAT. BANK OF CHICAGO v. AMERICAN FLANGE & MFG. CO.

### No. 5245.

Circuit Court of Appeals, Seventh Circuit.
Jan. 3, 1935.

Rehearing Denied Feb. 27, 1935.

Otis F. Glenn, Arthur L. Schwartz, Raymond G. Real, and J. Roy Browning, all of Chicago, Ill. (Raymond G. Real, of Chicago, Ill., of counsel), for appellant.

Thomas C. McConnell, of Chicago, Ill., for appellee.

Before SPARKS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

FITZHENRY, Circuit Judge.

This is an appeal from a judgment in favor of appellee in a suit at law which it brought against the Inland Irving National Bank of Chicago to recover the sum of $4,050.71 with interest, which it alleges it paid

to the bank as trustee under a certain trust indenture by the terms of which the bank should have applied the sum in a certain designated manner. The bank, having failed to so apply the money, is alleged to be indebted in that sum to appellee. While the bank was in default it went into the hands of a receiver, who defended this action.

The facts in the case were disputed in several important respects. The case was tried without a jury by stipulation of the parties, and at the close of the evidence the District Judge made a general finding in favor of the appellee. Judgment was entered thereon on December 22, 1933. Thereafter, on March 3, 1934, after the term of court had gone by, counsel for appellant moved that the court find certain facts as the facts in the case and hold certain propositions of law as the law applicable thereto. Counsel for appellee refused to waive objection to the jurisdiction of the court to entertain such findings. The court refused all of the findings of fact and conclusions of law with the exception of two propositions which were conceded and permitted them to be filed nunc pro tunc as of November, 1933, term as a part of the record in this cause.

Were this court to accept the findings of fact thus made as a part of the record which is before us, we would still be in the position of knowing what the court found the facts *not to be,* but would be forced to rely upon the general finding in favor of appellee to ascertain what the court found as the facts.

■ If a special finding by the trial court leaves any fact which is necessary to establish the rights of the parties, to be determined by the court from conflicting evidence, or even inferences to be drawn from admitted facts or undisputed testimony—unless, perchance, the inference is an inevitable conclusion from the undisputed testimony or from facts found—no issue of law is raised on such an imperfect special finding. Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 S. Ct. 55, 46 L. Ed. 113; United States v. Smith (C. C. A.) 39 F.(2d) 851.

The pertinent provision of the statute reads as follows: "When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." 28 USCA § 875.

■ Under this section and section 773 of the same title, the court's findings of fact cannot be both general and special. British Queen Min. Co. of Colorado v. Baker Silver Min. Co., 139 U. S. 222, 11 S. Ct. 523, 35 L. Ed. 147; Corliss v. County of Pulaski (C. C. A.) 116 F. 289; Streeter v. Sanitary Dist. of Chicago (C. C. A.) 133 F. 124, 127. Where the court has made a general finding and judgment has been entered thereon, it cannot, at another term, change the record and make the finding a special one to enable parties to present questions upon review which they otherwise could not have presented. Streeter v. Sanitary Dist. of Chicago, supra; Merriam v. Huselton (C. C. A.) 45 F. (2d) 983.

■ Appellant relies upon Aetna Insurance Co. v. Boon, 95 U. S. 117, 126, 24 L. Ed. 395, to support its contention that the findings of fact are a proper part of the record before us. In that case the Supreme Court considered the right of a Circuit Court at a subsequent term to make findings of fact and conclusions of law to be filed nunc pro tunc as of the previous term. It was held that since the trial court in the previous term had filed an opinion, and the special findings of fact were but an amendment or correction in form of the finding contained in the opinion, there was enough to amend by. The court said:

"The opinion, which was filed concurrently with the entry of the judgment, contained substantially, almost literally, the same statement of facts, and relied upon it as the foundation of the judgment given. True, that opinion is no part of the record, any more than are a judge's minutes. * * * All that was wanting to make it a sufficient special finding was that it was not entitled 'finding of facts.' The amendment or correction, therefore, contradicts nothing in the record as made at April Term, and it is in strict accordance with the truth. * * *

"It is the case of a correction of the record, not merely an allowance of exceptions never taken, and necessary to have been taken, to bring an interlocutory ruling upon it. We hold now, as we have always holden, that when bills of exceptions are necessary to bring any matter upon record so that it can be reviewed in error, it must appear by the

record that the exception was *taken at the trial. A judge cannot afterwards allow one not taken in time. Could he allow it, the record would be made to speak falsely.*"

Three justices dissented from this view on the ground that the opinion filed at the April term was a general finding and was in legal effect a denial of special findings. At any rate, to hold that this case was authority for holding that the purported special findings in the instant case are properly a part of the record, would be to unduly extend the rule laid down by the Supreme Court to a case which is plainly distinguishable on the facts. First National Bank of San Rafael v. Philippine Refining Corp. (C. C. A.) 51 F. (2d) 218. In the instant case there was no opinion filed during the same term which could possibly be amended to constitute special findings of fact.

The making of an order nunc pro tunc is for the purpose of correcting the record and making it speak the truth. When an order of this character is made, there must be something to amend. In some cases the record itself may be entirely silent upon the subject, yet if there should be a note or memorandum upon the judge's docket from which it can be seen that the court, at the time, made some order or direction that has not found its way into the common-law record, then the court is warranted in making such an order nunc pro tunc. But it has never been recognized as a proper use of the order to make a new record or to give a litigant "something to stand upon" in a court of review. In this case, the purpose of the motion was to make an entirely new record or, to be more generous, to supply an omission which the applicant desired to have in the record upon which to base its argument in the court of review. It comes within none of the rules applicable to the allowance of nunc pro tunc orders.

In South Utah Mines & Smelters v. Beaver County, 262 U. S. 325, 43 S. Ct. 577, 578, 67 L. Ed. 1004, the Supreme Court had before it a case in which the facts were similar to those presented by the instant case except the special findings were made and incorporated into the record during the same term of court. The court said:

"The defendant has submitted a motion to dismiss the writ of error and of this we first dispose. The ground of the motion is that the case was tried by the court without a jury; that no exceptions were taken during the trial and no request for special find-ings or a declaration of law made during the progress of the trial; that the court gave its decision and a general finding orally and directed judgment for the defendant, which was duly entered; that nearly three months later, on motion of plaintiff, and against defendant's objection, the court made and filed special findings of fact. The defendant challenges the power of the court to make these special findings and insists that they should be disregarded, in which event nothing substantial would be left for review.

"All of the proceedings, including the special findings, happened at the same term. The rule is that during the term the record is 'in the breast of the court' and may be altered during that time in its discretion as justice may require. * * * That rule is applicable here and the motion to dismiss is accordingly denied."

It is a necessary inference, from the words above quoted, that had the findings been made at a subsequent term, the decision of the Supreme Court would have been different.

No complaint is made on behalf of appellee as to the sufficiency of the bill of exceptions. It must be observed, however, that the rulings of the District Court in the trial of the case which were adverse to appellant, where objections were made and exceptions preserved, were mainly correct. There were a few erroneous rulings by the court, but the errors thereby made are not of a reversible character.

The bill of exceptions discloses that there was competent legal evidence to sustain the judgment, which is accordingly affirmed.

On Petition for Rehearing.

We are of the opinion that Exhibits 1 and 2 and 5 to 45, inclusive, were properly admitted upon the theory that the money was paid by the mortgage company at the direction of the bank, and, therefore, was a payment of the bank.

We are further of the opinion that the trust deed was properly admitted. The objection to the admission of article 7½ was that it was attached to the trust deed after the deed was executed by the bank. The evidence is to the contrary. One of appellant's witnesses testified that it was attached to the trust deed at the time it was executed, and Mr. Pettibone testified that he was quite sure that article 7½ was attached to the trust deed before it was executed.

The petition for rehearing is denied.