In the Matter of the OHIO RIVER COMPANY, Owner of BARGE ORG–2515, for Exoneration from or Limitation of Liability, Petitioner-Appellant,

v.

Edward L. CARRILLO, Jr., Indiana Grain Cooperative & Indiana Farm Bureau Cooperative, Defendants (Claimants)-Appellees.

No. 83–2240.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 7, 1984.*

Decided Feb. 5, 1985.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

John J. Fitzgerald, Snyder & Gerard, Michael A. Snyder, Chicago, Ill., for petitioner-appellant.

D. Patterson Gloor, Cassiday, Shade & Gloor, Kevin G. Burke, Chicago, Ill., for defendants (claimants)-appellees.

Before ESCHBACH, POSNER and COFFEY, Circuit Judges.

PER CURIAM.

Appellant Ohio River Company appeals from the denial of its motion to vacate a dismissal without prejudice of its complaint for exoneration from or limitation of liability.  We reverse.

Appellee Edward L. Carrillo, Sr. sustained injuries while loading grain onto a barge owned by appellant.[1]  He sued appellant (and two other parties) for negligence in Illinois state court, seeking $300,000 in damages.  Pursuant to the Limitation of Liability Act (the "Act"), 46 U.S.C. §§ 181–189, appellant filed an admiralty action in federal court for exoneration from liability or alternatively for limitation of its liability to the value of the barge.[2]

The district court enjoined prosecution of the state court action until February 25, 1981, when, on motion of appellant, it lifted the injunction and continued the admiralty proceeding.  The court held a status hearing on December 15, 1981, where it learned that the state court action had yet to proceed to trial.  The status hearing was continued for a year.  Shortly thereafter, the cause was reassigned to a new judge, who *sua sponte* dismissed it without prejudice

---

1. Appellant, the bareboat charterer, is deemed the barge's owner for purposes of this action. 46 U.S.C. § 186.

2. The Act permits an owner without knowledge or privity of negligent acts or unseaworthy conditions of a vessel to limit its liability to the value of its interest in the vessel and its profits from the voyage in progress at the time of the accident.  46 U.S.C. § 183.  Appellant asserts a maximum liability of $90,000—the value of the barge—since no profits were pending.

but with leave to reinstate. Appellant moved to vacate the dismissal, voicing concerns over potential difficulties it might experience when and if it later refiled the admiralty complaint. The court denied the motion and this appeal followed.[3]

■ We initially note that the order before us is final and appealable under 28 U.S.C. § 1291. While appellate courts occasionally treat dismissals without prejudice as interlocutory, they do so only when lower courts, either expressly or by implication, retain jurisdiction over the disputes to permit complainants to save by amendment otherwise deficient pleadings.[4] The court below, however, found no problem with the pleadings; it merely sought to dismiss an inactive case from its docket without prejudicing appellant's ability to revive the action upon termination of the state court proceeding. And though the dismissal order contemplates that appellant may eventually refile its admiralty complaint, the court, by dismissing the action, has terminated its jurisdiction over the original complaint. This is enough to render the order appealable.

■ Proceeding to the merits of the case, appellant argues that only a stay of the admiralty action can fully protect its rights under the Act and, conversely, that a dismissal, however framed, could lead to adverse collateral consequences when and if it decides to reinstate its complaint. Just as federal courts cannot hear cases outside of their jurisdiction, neither can they decline to consider disputes properly before them (absent special circumstances not present here)[5]. As a general practice, federal courts should stay rather than dismiss actions when they decline to proceed on the merits because of the pendency of a related state court proceeding. *Cf. Board of Education of Valley View v. Bosworth*, 713 F.2d 1316, 1322 (7th Cir.1983); *Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715, 717–18 (7th Cir.1982); *Northern Cheyenne Tribe v. Adsit*, 721 F.2d 1187, 1188 (9th Cir.1983); *Mahaffey v. Bechtel Assoc. Professional Corp.*, 699 F.2d 545 (D.C.Cir.1983); *Williams v. Red Bank Bd. of Educ.*, 662 F.2d 1008, 1023–24 (3d Cir.1981). Should the state court fully resolve the dispute, then the practical effect of a stay will be identical to that of a dismissal. But should an issue remain, the parties can revive the action "without the obligation to file again and the fear that the statute of limitation will have run," since the federal court will have retained its jurisdictional tie to the case. *Bosworth, supra*, at 1322.

■ Adherence to this procedure is especially warranted in the context of petitions for limitation of liability. A shipowner seeking the Act's protection must file a complaint in federal court within six months of receipt of notice of a claim. 46 U.S.C. § 185. Courts strictly construe this

---

**3.** In an effort to fully protect appellant's rights, the court amended its original dismissal order *nunc pro tunc* to provide that:

    1. The dismissal is without prejudice, and with leave to reinstate this action within 60 days of the termination of the proceedings in the state court action entitled *Carrillo v. Ohio River Company, et al.*, No. 80 L 9202.

    2. The right to reinstate this action may be for any cause whatsoever. The petitioner shall have no burden to demonstrate that reasonable cause exists warranting the reinstatement of this cause.

    3. The reinstatement of this action shall relate back to the filing of the original petition, and the time period for calculating the running of the statute of limitations shall take into account the date of the filing of the petition, and shall regard the date of reinstatement to be irrelevant.

**4.** The Court will have jurisdiction over this cause at the time of reinstatement equivalent to the jurisdiction which existed at the time of the filing of the petition.

**4.** *California v. Harvier*, 700 F.2d 1217 (9th Cir. 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983). *See generally* 9 Moore's Federal Practice ¶ 110.08[1] ns. 17, 26 & 27 and ¶ 110.13[1].

**5.** For example, courts possess inherent powers to control their own dockets, and may *sua sponte* dismiss inactive cases for want of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). However, such dismissals are not proper where, as here, the parties continue to actively prosecute their claims, although in a state court.

time limit and resolve any ambiguity against the shipowner. *Maryland Casualty Co. v. Cushing,* 347 U.S. 409, 437, 74 S.Ct. 608, 98 L.Ed. 806 (1954) (Black, J., dissenting); *Cincinnati Gas & Electric Co. v. Abel,* 533 F.2d 1001, 1005 (6th Cir. 1976). *See also* 3 Benedict on Admiralty, § 15, at 2–19 to 2–21 (1983). A dismissal, as opposed to a stay, of a timely-filed petition raises the unresolved question of whether later reinstatement of the previously dismissed action complies with the six-month filing requirement. *Cf. Rubenstein v. Bryant,* 522 F.2d 1351 (5th Cir. 1975).

Despite the district court's obvious effort to craft an order that insures appellant's ability to pursue its federal rights in the future, we conclude that the better course would have been to follow the more common procedure of retaining jurisdiction over the limitation action by staying it. *See, e.g., Langnes v. Green,* 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931). This would avoid any uncertainty arising out of sticky questions of statutory interpretation without materially altering the posture of the case. Accordingly, we reverse and remand to the district court with instructions to vacate the dismissal and to stay the action.

IT IS SO ORDERED.