Norman **ROSSER**, as Executor of the Estate of Evelyn Rosser, and Norman Rosser, Individually, Plaintiffs–Appellants,

v.

**CHRYSLER CORPORATION, Acco Babcock, Inc., and John Koepele, Defendants–Appellees.**

No. 87–2165.

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1988.

Decided Dec. 8, 1988.

As Amended Jan. 20, 1989.

Paul W. Grauer, Paul W. Grauer & Assoc., Schaumburg, Ill., for plaintiffs-appellants.

Scott D. Hammer, Fraterrigo Best & Beranek, and Debra K. Marcus, Pappas Power & Marcus, Chicago, Ill., for defendants-appellees.

Before RIPPLE, MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Based on diversity of citizenship, Norman Rosser brought an action against Chrysler Corporation, Acco Babcock, Inc., and John Koepele in federal court. Rosser later filed a separate suit in Illinois state court involving different defendants. Although Rosser did not include Chrysler, Babcock or Koepele in the Illinois proceeding, the state court defendants brought Chrysler and Babcock into that litigation as third-party defendants. Counsel for these parties indicated at oral argument that they were now primary defendants in that action.

On the basis of abstention, *one* of the defendants in the district court, Chrysler, moved to have the federal litigation dismissed, or in the alternative, stayed. The district judge dismissed the federal case against *all three* defendants, Chrysler, Babcock and Koepele, and gave Rosser leave to reinstate within 30 days. At a hearing scheduled on Rosser's subsequent motion to reinstate, the district judge struck the motion because Rosser's counsel failed to appear. Finally, the district judge reconsidered the motion to reinstate, denied it, and orally ordered the case dismissed. However, no final judgment either was set out on a separate document or was entered on the district court docket.

Before we determine whether the district judge properly dismissed the case before him, we must establish whether appellate jurisdiction exists under these circumstances. We first look to whether the district judge properly could grant dismissal of the entire case when only one of three defendants requested such action. We find that a district judge may grant a motion to dismiss even as to nonmoving defendants. Next, we must determine whether the judge's explicit oral pronouncements from the bench were sufficient to constitute a final appealable order in the case, notwithstanding the terse and uninformative minute entries which appear on the docket. We find that the judge's oral pronouncements were sufficient to indicate a final decision in the case before him. Then we look at whether the failure to set out the

judgment of dismissal on a separate document or to enter the judgment on the civil docket of the district court presents a bar to our jurisdiction. We find that under the circumstances of this case, it did not. With all these questions answered in the affirmative, we have jurisdiction.

Having reconstructed the record and determined the existence of appellate jurisdiction, we are left with the issue of whether it was proper to dismiss this case on the basis of federal abstention. In regard to this issue, we conclude that abstention was proper but that dismissal was improper. The federal litigation should have been stayed because of the parallel state court action. We vacate the dismissal of this litigation and return this case to the district court with directions to enter a stay of the proceedings pending resolution of the pending state court action.

## I. FACTS

On July 31, 1984, Evelyn Rosser put her 1982 Chrysler LeBaron in "park" and got out of the car to open the garage door. The automobile apparently self-shifted from "park" into "reverse" and ran over her while she was in her driveway. She died a few hours later, as a result of the injuries she sustained. Her husband and executor of her estate, Norman Rosser, brought a wrongful death and survival action sounding in strict liability and negligence (as well as other claims which were dismissed) against the auto manufacturer, Chrysler, and the parts supplier, Babcock. An individual engineer, John Koepele, also was named as a defendant. Because Chrysler, Babcock and Koepele were not citizens of Illinois, Rosser lodged his suit in federal court on September 6, 1985. He filed his subsequent suit against several non-manufacturing defendants in Illinois state court. This suit did not name Chrysler, Babcock or Koepele. The state court defendants later named Chrysler and Babcock as third-party defendants in the Illinois state court action. Chrysler and Babcock mentioned at oral argument that they were now primary defendants in that case.

Koepele was not named in the state court lawsuit.

## II. PROCEDURAL POSTURE

■ The initial activity in the federal case was not unusual. It included the filing of an amended complaint, discovery matters and the dismissal of certain counts. At a status hearing on March 11, 1987, Chrysler submitted a written motion to dismiss Rosser's federal case, or, in the alternative, a stay of the federal action while the state action was pending. It was then that the problems in this case begin to appear. Babcock intended to join Chrysler's motion to dismiss, and gave notice of such intention to the other parties. Babcock's motion to join Chrysler's motion, however, never was filed with the district court.[1] Koepele (although represented by Chrysler's counsel) also did not join Chrysler's motion to dismiss. Rosser was given until April 1, 1987, to respond in writing to the motion to dismiss filed solely by Chrysler.

Rosser, however, filed no written response to the motion to dismiss by the April 1 deadline.[2] Thus, by the time of the May 13 hearing on Chrysler's motion to dismiss, the district judge had prepared a written draft granting dismissal. At the May 13 hearing, plaintiff's counsel stated:

> Your Honor, the status of this matter is that Chrysler had moved to dismiss on the basis that we had a State Court action that was pending that was similar within the last week. The plaintiff decided to dismiss the State Court action and

has filed a motion in the State Court to do that.

(R. 83–2, at 2). Thereafter, the district judge indicated that the matter was before the court for a ruling and he would read his draft order into the record and indicated to counsel that they could "react to it."

The order read into the record by Judge Norgle indicated that the plaintiff had not responded to Chrysler's motion and the ruling was made without the benefit of plaintiff's response. Judge Norgle then granted Chrysler's motion to dismiss the federal case, giving Rosser leave to reinstate within 30 days.

Koepele's (Chrysler's) counsel made no comment with regard to the claim against defendant Koepele set out in Rosser's amended complaint. Babcock's attorney asked the district judge at the conclusion of the hearing whether this dismissal was as to all defendants, claiming, *incorrectly*[3], that Babcock had joined in Chrysler's motion. The judge responded that he was dismissing the federal action as to "Whoever did join in the motion—I have this only in draft form, so I don't have the heading on the order; but, I meant to dismiss the entire matter, with leave to reinstate within 30 days." (R. 83–2, at 4).

In fact, neither Koepele nor Babcock had joined in Chrysler's motion to dismiss. The judge, moreover, seemed to have indicated *both* that he was dismissing as to whoever had joined in the motion *and* that he was dismissing the entire matter. The events

---

**1.** On October 7, 1987 (long after this appeal had commenced), Babcock filed in district court a "Motion to Modify the Record on Appeal." In that motion, Babcock acknowledged that it had failed to file a motion joining Chrysler's motion to dismiss. Babcock asked, however, that the district court record be modified to show that they *had* joined in Chrysler's motion by virtue of its October 7th motion. In effect, this is a *nunc pro tunc* modification of the record. For reasons known only to himself, Rosser consented to this. Babcock's request was granted. We note, however, that *nunc pro tunc* orders to modify the record generally are proper only in order to show an act done in the past by the court and not recorded at the time, and not to add something to the record that was omitted to be done. *See Inland Savings Nat'l Bank v.*

*American Flange & Mfg. Co.*, 75 F.2d 533, 535 (7th Cir.1935).

**2.** Two identical copies of a one page response by Rosser exist. The first was file-stamped in open court on May 13, 1987, the date of the hearing (R. 73). The second copy of Rosser's response to Chrysler's motion was filed with the clerk of the district court on May 26, 1987 (R. 72). These two responses filed by Rosser were irrelevant because both were submitted after the April 1, 1987, deadline set by the district judge. They did not, moreover, address the merits of Chrysler's motion.

**3.** *See* note 1, *supra.*

of June 25, discussed below, make it clear, however, that Judge Norgle intended to dismiss the case as to all three defendants.

The minute entry of the May 13 hearing, docketed five days later, under the caption "Norman Rosser -vs- Chrysler Corporation," with no reference to Babcock or Koepele, states: "Cause dismissed with leave to reinstate within 30 days." No final judgment was entered on the district court docket.

Rosser made a timely filing to reinstate the federal case on May 26, 1987. His attorney, however, failed to appear for the June 5, 1987 hearing on his motion[4] and the judge orally announced from the bench that: "the movant [Rosser] has failed to appear. His motion to reinstate is stricken. So ordered." Although this could be interpreted to mean that Judge Norgle was denying Rosser's motion to reinstate, the docket entry for that date states that: "plaintiff's motion to reinstate is stricken *from the call*" (R. 74) (emphasis added), indicating only that the motion would not be heard on that day. This is borne out by the fact that, without any notice in the record, a subsequent hearing on the motion to reinstate was held on June 25.

At the June 25 hearing, Judge Norgle indicated to Rosser's counsel that:

> When you failed to appear on the motion on June 5th, the Court struck the motion. Now, had you appeared, then it would have been routinely granted, because I had previously granted leave to reinstate within 30 days. So, it is only your failure to appear that caused the motion to be stricken *and, therefore, not granted.*

(R. 83-4, at 2-3) (emphasis added). With regard to plaintiff's lack of attention to the federal litigation the district judge then went on to say that the federal case had been pending for well over two years and was "hardly off the ground." The judge then indicated that because there had been no movement in federal court for more than two years he should "defer to the

State Courts and let them resolve all matters pending there ... [s]o, the motion to reinstate Case 85 C 7795 is denied, and *this matter is dismissed."* (R. 83-4, at 8-9) (emphasis added).

It is apparent that the decision to dismiss the case was based on abstention and the district judge obviously terminated the litigation of this case in federal court as to all the parties. However, the minute entry describing the action taken by the judge, and reflected on the docket under the caption "Rosser v. Chrysler Corporation," merely states that: "Plaintiff's motion to reinstate is denied." Unfortunately, this minute entry does not give any indication of a dismissal or reference to any other entry. No reference is made to Babcock or Koepele—even the shorthand "et al" was omitted. There is no indication in this case that Rule 58 of the Federal Rules of Civil Procedure ever was complied with. No judgment ever was set out on a separate document or entered on the civil docket of the district court. Notwithstanding these potentially disastrous omissions by the clerk, there is absolutely no doubt that the district judge had done all he intended to do regarding the disposition of this case.

Rosser appeals from what he and the defendants assumed was (and what we now have determined to be) the district court's judgment of dismissal of his federal case.[5] He argues that the dismissal was improper and that his federal case should have been stayed until there was a complete disposition of the state court action.

As they had done in district court, counsel for Chrysler filed an appearance in this court for Koepele as well as on the corporation's behalf. But Chrysler's counsel has taken no action with regard to Koepele. No briefs have been filed in this court for Koepele, and a careful review of Chrysler's briefs indicate no arguments advanced on Koepele's behalf. This should not be surprising, however, since Koepele never joined Chrysler at the district court level in

---

4. Rosser's attorney explained that he missed the court appearance because his secretary failed to note the date on his calendar.

5. Rosser also indicated that he was appealing from the district court's denial of his motion to reinstate the case.

its motion to dismiss. Thus, only Chrysler and Babcock have participated as appellees before us.

### III. JURISDICTION

Neither Rosser nor Chrysler nor Babcock alerted us in their briefs or at oral argument to the underlying jurisdictional problems lurking in this case. We do not know whether this omission was intentional or unintentional. Nevertheless, "the parties are expected to know, or find out, jurisdictional requirements." *Silberstein v. Silberstein*, 859 F.2d 40, 43 (7th Cir.1988). We became aware of the jurisdictional issues only after a review of the original and supplemental record. We have, of course, an independent obligation to determine our jurisdiction even where the parties do not question it. *Principal Mutual Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership*, 845 F.2d 674, 675–76 (7th Cir.1988) *and cases cited therein.*

In his jurisdictional summary, Rosser lists Chrysler, Babcock and Koepele as opposing parties (based on diversity of citizenship) and indicates the basis of appellate jurisdiction as 28 U.S.C. § 1291. Chrysler and Babcock agree that the jurisdictional summary of Rosser is "complete and correct." As he has been throughout this litigation, Koepele is silent.

### A. Nonmoving Defendants

██ As we already have noted, Judge Norgle's words on June 25 leave little question that it was his intention to dismiss the entire action, even as to the two defendants who did not join in Chrysler's motion. This presents us squarely, however, with the issue of the propriety of a judge's granting a motion to dismiss even as to nonmoving defendants. This action has been approved in other circuits in cases where nonmoving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related. *See, e.g., Silverton v. Department of Treasury*, 644 F.2d 1341, 1345 (9th Cir.), *cert. denied sub nom. Silverton v. Regan*, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981) (citations omitted); *Lo-*

*man Devel. Co. v. Daytona Hotel & Motel Suppliers Inc.*, 817 F.2d 1533, 1537 (11th Cir.1987). There appears to be substantial merit in the practice followed in other circuits and we adopt it for use in this circuit.

Here, insofar as the federal litigation is concerned, the remaining claims against Babcock sound in strict liability and negligence in separate counts relating to wrongful death and survival. The Second Amended Complaint charges Koepele with negligence. The wrongful death and survival actions against Chrysler also each charge Chrysler under theories of negligence and strict liability. These claims are integrally related, as they allege different possible theories of liability for the alleged defects in the automobile. Thus, the district judge was authorized to *sua sponte* include nonmoving defendants, Babcock and Koepele, in his dismissal of the case.

### B. Final Appealable Order

Notwithstanding the parties' perfunctory assertion of appellate jurisdiction under 28 U.S.C. § 1291, we have outlined the jurisdictional problem which is apparent from what does not appear in the record. There was no explicit written indication of a final disposition on the merits and there was no separate document setting out a judgment or an entry of a final judgment on the district court civil docket. Thus, we must determine whether any of the orders issued by the district court were final and appealable. *Principal Mutual Life Ins. Co.*, 845 F.2d at 675–76.

On three separate occasions in 1987, May 13, June 5 and June 25, the district court issued orders from the bench affecting this case. We address these orders in turn to determine whether any of them were final and appealable.

██ The May 13 order granting Chrysler's motion to dismiss and giving Rosser leave to reinstate the case within 30 days was not final and appealable. A dismissal of a case is not final and appealable when the district court contemplates further proceedings. *Hatch v. Lane*, 854 F.2d 981, 982 (7th Cir.1988); *see also Ordower v.*

*Feldman,* 826 F.2d 1569, 1573 (7th Cir. 1987) (dismissal not final where plaintiff is free to file an amended complaint).

■ Subsequent events indicate that the judge's decision on June 5 to strike Rosser's motion to reinstate also was not meant to be final. Despite the judge's comments at the June 5 and June 25 hearings, Rosser's motion only was stricken from the call (that is, not heard) on June 5, and a second hearing on the motion to reinstate was held on June 25. *Hatch* again applies; the June 5 order striking Rosser's motion to reinstate also was not final and appealable. Thus, we are left with whatever result can be gleaned from the comments from the bench and the docket entry relating to the June 25 hearing.

As we discuss at the beginning of this opinion, the district judge's comments at the June 25 hearing indicate that he intended to terminate the federal litigation once and for all. He both indicated that "this matter should be put to bed in one court or the other" and that "this matter is dismissed." No further action was contemplated by the district judge. Thus, this order is final as it clearly was intended to terminate the litigation in federal court.

### C. Rule 58

We now turn to the question whether we have jurisdiction despite the lack of compliance with Rule 58 of the Federal Rules of Civil Procedure. Given the circumstances in the case, we must reconcile the intention of the district judge with the technical requirements of Rule 58. Under Rule 58, a judgment is not effective until it is set forth on a separate document and entered on the district court civil docket. These requirements generally must be met before there is a final appealable order. *United States v. Indrelunas,* 411 U.S. 216, 221, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973) (where prior docket entry only reflected liability, and it was not recorded on a separate document, no final decision for purposes of appeal existed until formal judgment was entered); *Hatch,* 854 F.2d at 982; *Williams v. Burlington Northern, Inc.,* 832 F.2d 100, 102 (7th Cir.1987), *cert. de-*

*nied,* —— U.S. ——, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988) (time for appeal under Fed.R.App.P. 4(a) does not begin to run until the order is entered on the docket).

■ In certain cases, however, the requirements of Rule 58 can be waived to pave the way for appellate jurisdiction. In *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384–87, 98 S.Ct. 1117, 1119–21, 55 L.Ed.2d 357 (1978), the Supreme Court held that the requirements in the Federal Rules generally must be satisfied before § 1291 jurisdiction may be invoked. Where, however, the district court clearly intended that the opinion and order from which an appeal was taken would represent the final decision in the case, a judgment of dismissal was entered in the clerk's docket, and the prevailing party in the district court did not object to the taking of an appeal in the absence of a separate judgment, the separate judgment requirement of Rule 58 may be deemed waived and the Court of Appeals may properly assume jurisdiction under § 1291. As this court has previously stated, "unless we are to become a citadel of technicality, this [lack of a separate document complying with Rule 58] does not obstruct our jurisdiction." *Soo Line R. Co. v. Escanaba & Lake Superior R. Co.,* 840 F.2d 546, 549 (7th Cir.1988) (parties may waive the separate document requirement); *but see Brekke v. Morrow,* 840 F.2d 4, 5 (7th Cir.1988).

Thus, we must examine three elements to determine whether the separate document requirement can be waived in this case. As we have indicated, there is no doubt that Judge Norgle intended his June 25 decision to be a final disposition of the case. Secondly, both Chrysler and Babcock have agreed with Rosser that we have jurisdiction. The waiver of jurisdiction by Koepele is complicated somewhat by his inaction on appeal. However, our acknowledging jurisdiction over this case will not prejudice Koepele and his silence may be deemed a waiver in any event.

We are now confronted with the final element necessary to waive the Rule 58 separate document requirement: the entry of a judgment of dismissal on the district

court civil docket. No such specific entry was made in this case. We may reasonably infer, however, that the oral decision pronounced on June 25 (and noted cryptically on the docket) was intended to cause a reference to and make final the May 13 grant of dismissal earlier reflected on the docket.

■ The need for compliance with the rule requiring entries on the docket should be obvious. Even when a final judgment has been set forth on a separate document—or the separate document requirement has been waived—Rule 58 is not satisfied. A final judgment is not effective until it is entered on the docket. The docket entry starts the clock for the 30–day appeal period. *Burlington Northern*, 832 F.2d at 102; *Reytblatt v. Denton*, 812 F.2d 1042, 1043 (7th Cir.1987).[6]

We hope district judges will alert their clerks to the serious problems which can result when the judge's intentions are not adequately reflected by minute or judgment entries. But where there is no prejudice to the parties we will not ignore the clear dispositive words of a district judge merely because the technical requirements were not carried out by the district court clerk. *Cf. Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461 (7th Cir. 1988). On the other hand, were we to find that the district judge failed to terminate this litigation in its entirety, no appellate jurisdiction could exist. *Principal Mutual Life Ins. Co.*, 845 F.2d 674; *cf. Mallis*, 435

U.S. at 385–87, 98 S.Ct. at 1120–21; *see also Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir.1988) (where there is no document resembling a Rule 58 final judgment, an appeal is possible in its absence only if the district court clearly has disposed of all pending matters).

We thus conclude that this is a proper case for waiver of the requirements of Rule 58, and that we have jurisdiction.

## IV. ABSTENTION

■ We turn finally to the merits of this case.[7] Under the rule of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), when the proper exceptional circumstances exist, a federal court can abstain from exercising its jurisdiction and defer to the concurrent jurisdiction of a state court when there is a parallel state court action pending. This circuit frequently has applied the *Colorado River* rule. *See, e.g., Ingersoll Milling Machine Co. v. Granger*, 833 F.2d 680, 684 (7th Cir.1987); *Oliver v. Fort Wayne Educ. Ass'n, Inc.*, 820 F.2d 913, 915 (7th Cir. 1987); *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 698 (7th Cir. 1986); *Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 (7th Cir.1985); *Board of Ed. of Valley View v. Bosworth*, 713 F.2d 1316, 1321 (7th Cir.1983); *Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir.1982); *Calvert Fire Ins. Co. v. Ameri-*

---

6. Had a final judgment properly been set forth and entered in this case, the time of effectiveness of the judgment might have raised an additional issue of whether Rosser's appeal could relate both to the grant of Chrysler's motion as well as the denial of his motion to reinstate. *See Tunca v. Lutheran General Hosp.*, 844 F.2d 411, 412–13 (7th Cir.1988). Since we have determined that the June 25 order was the only final appealable order in the case, the 30–day period could not have begun to run until then. Rosser's notice of appeal was filed on July 24, 1987.

7. Babcock argues that since Rosser filed no response (or rather, as we have observed, filed a late one) in opposition to "its" (really Chrysler's) motion to dismiss, he cannot object on appeal to the district court's dismissal. It is true that the general rule is that the failure to raise argu-

ments against the merits of a motion to dismiss precludes an appellant from raising these arguments on appeal. *See, e.g., Morris v. Jenkins*, 819 F.2d 678, 681 (7th Cir.1987).

This rule, however, is not without its exceptions. Where the district court's decision was erroneous as a matter of law, we can reverse his decision despite the appellant's failure to respond to the motion to dismiss. *Charlton v. United States*, 743 F.2d 557, 561 n. 5 (7th Cir. 1984). In his appellate brief, Rosser specifically states that he does not argue that the district court should not have abstained in this case. As we discuss later, we do not disagree. Rosser raises on appeal the question whether the district judge should have granted a stay instead of a dismissal once he decided that abstention was appropriate. This is a question of law. We note below that the district court's decision was erroneous; thus, we can reach the merits here.

*can Mut. Reinsurance Co.,* 600 F.2d 1228, 1233 (7th Cir.1979).

As often has been noted, federal courts have a virtually unflagging obligation to exercise their jurisdiction. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. Abstention under *Colorado River* is based upon considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" as well as "avoiding duplicative litigation." *Id.* (citations omitted). Nonetheless, it is not enough that a parallel state action merely exist. *Evans Transp. Co.,* 693 F.2d at 717. Under *Colorado River* and successive cases, courts have considered numerous factors in order to decide whether to abstain in deference to a parallel state court proceeding. These factors include: (1) the order in which jurisdiction was obtained; (2) the convenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the progress of the litigation; and (5) the law providing the rules of decision on the merits. *Colorado River,* 424 U.S. at 818–20, 96 S.Ct. at 1246–48; *Interstate Material Corp. v. Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988); *Microsoftware Computer Sys. Inc. v. Ontel Corp.,* 686 F.2d 531, 537 (7th Cir.1982).

In the instant case, Judge Norgle weighed all the various *Colorado River* factors and determined that abstention was appropriate. He concluded as well, however, that the preferred manner of abstention in this case was by way of a dismissal rather than a stay. At the hearing on May 13 he said:

> The Court has weighed all of the factors relevant to a determination of whether to stay or dismiss an action on the basis of a parallel State proceeding. See *Colorado River Water Conservation District v. United States,* 424 U.S. 800 [96 S.Ct. 1236, 47 L.Ed.2d 483] (1976). The Court concludes the avoidance of piecemeal litigation, the source of governing law over this dispute, and the jurisdiction of the State Court over all the parties to the dispute warrants abstention.... The order in which jurisdiction was obtained is insufficient by itself to outweigh these

considerations. Although a stay is the preferred disposition in cases such as this, the Court finds the aforementioned lack of response indicative of plaintiff's intent to prosecute this claim exclusively in the State Court.

> The Court, therefore, dismisses the complaint with leave to reinstate within 30 days.

(R. 83–2, at 4). Later in his final order from the bench on June 25, the district judge discussed plaintiff's failure to pursue this case in federal court. Judge Norgle stated:

> Well, my concern is this, that this matter 85 C 7795 has been in the Federal Court for well over two years, and we're hardly off the ground, just getting started here, and perhaps the problem has been because of the dual lawsuit, State and Federal, and I think this matter should be put to bed in one Court or the other, and I am convinced that since there's been no movement here in the Federal Court for more than two years, that this Court should defer to the State Courts and let them resolve all matters pending there, or I'm sure, if you feel it's appropriate, to join additional parties in the pending litigation in the State Court.

> So, the motion to reinstate Case 85 C 7795 is denied, and this matter is dismissed.

(R. 83–4, at 8–9).

Two inquiries exist: (1) whether abstention was appropriate in this case, and, if so, (2) whether the district judge should have granted a stay instead of a dismissal. We will consider these questions in turn.

### A. Colorado River Analysis

■ We agree with Judge Norgle that abstention was proper in this case under *Colorado River.* The briefs of both Chrysler and Babcock indicate that the plaintiff raised the identical issues of law in the state court. Thus, piecemeal litigation, at least as to Chrysler and Babcock, will be avoided. The issues in this case are exclusively issues of state law. Perhaps most significant was the lack of progress in the

litigation in federal court. The judge stated that the case was "hardly off the ground" after two years, and that because there had been "no movement" he would defer to the state court.

It should be noted that the state court does not have jurisdiction over all the parties to this case. The silent federal defendant, Koepele, is not a party in the state action. However, we have determined in other cases that complete identity of parties is not necessary in order to invoke *Colorado River. Lumen,* 780 F.2d at 695–96. In *Lumen,* as well as here, the state case was more comprehensive than the federal case, and the substantial likelihood that the state case would dispose of all the issues presented in the federal case existed. Moreover, if Koepele could have been named in the state action but the statute of limitations now would bar this, the plaintiff only has himself to blame. *Id.*

Two other factors do not weigh heavily against abstention. The fact that jurisdiction was obtained first in the federal case is not of significance because here the plaintiff is the party who filed both of the suits. Also, neither federal nor state court is more convenient. Chrysler notes in its brief that the relevant courthouses are only a few blocks apart.

In summary, we conclude that in balancing all the relevant factors, abstention was clearly proper here under *Colorado River.*

### B. Dismissal or Stay

■ Given that the district judge properly concluded that abstention under *Colorado River* was appropriate, we now turn to the question of whether it was proper for him to dismiss the federal case instead of staying it. The standard of review is whether he abused his discretion in doing so. *Lumen,* 780 F.2d at 695. We conclude that he did abuse his discretion, and that he should have stayed Rosser's federal case instead of dismissing it.

*Lumen* is directly applicable here. In *Lumen,* we addressed the issue of whether a district court properly exercised its discretion to abstain in deference to a parallel state court proceeding. Discussing the differences between a stay and a dismissal, we wrote:

> This Court, however, has consistently held that the proper procedure is to stay. A dismissal, even without prejudice, creates a risk that the federal plaintiff will be time-barred from reinstating his federal suit if the state proceeding does not result in a final decision on the merits. *Bosworth,* 713 F.2d at 1322; *Evans Transp. Co. v. Scullin Steel Co.,* 693 F.2d 715, 717–18 (7th Cir.1982). A stay, by contrast, permits the federal court to retain jurisdiction in case the state court action does not meet its anticipated end. A stay has the additional advantage of bringing the case back before the same federal judge if a determination is needed as to the preclusive effects of the state judgment or decisions.

*Lumen,* 780 F.2d at 698. The wisdom of the analysis in *Lumen* which acknowledged that federal jurisdiction should be retained "in case the state court action does not meet its anticipated end" is borne out by conduct which occurred in this case. In the hearing before Judge Norgle on June 25, 1987, counsel for Chrysler agreed that this case "should be litigated in state court." However, once free of the federal case, Chrysler and Babcock sought dismissal from the state court action under a statute of limitations theory.[8]

We reaffirm that a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the *Colorado River* doctrine. As we have

8. On December 28, 1987, the Illinois state court judge told Chrysler and Babcock:

> Looks to me you are reversing polarity. You get out of the federal court action on the basis that there is a remedy over here in the state court action. Now you get over here in the state court and request to hold all of this off until we see what happens in the federal appeal.

Exhibit A to Reply Brief of Appellant, at 13–14. The state judge subsequently refused to dismiss the two manufacturers from the state court litigation.

said above, deferring to the state court proceeding in this case avoids piecemeal litigation. That is, the state case may result in the disposition of many of the issues in the federal case. The practical effect of a stay in this case, therefore, will be identical, at least as to Chrysler and Babcock, to a dismissal. *Ohio River*, 754 F.2d at 238. As for any remaining issues (particularly as to Koepele, who is not a party to the state court action), they can be litigated at that time without the fear that the statute of limitations will have run. *Id.*

As we noted above, the district judge remarked that a stay ordinarily would be preferred, yet dismissed this case because of plaintiff's failure to respond to Chrysler's motion, which he saw as indicative of Rosser's intent to prosecute in state court. We find that this does not justify dismissal. Rosser continued to actively prosecute his claim, albeit in state court. In such a case, dismissal is inappropriate. *Id.* at 238 n. 5.

## V. CONCLUSION

It is difficult to tell whether the parties merely overlooked or deliberately ignored the jurisdictional problems which we have outlined. There is a strong temptation to hoist the parties on the technical impediments to jurisdiction and send this unfortunate case back to the district court without addressing the issues argued on appeal. This is not a case that generates a warm sense of forgiveness. An application of common sense nonetheless is warranted, and so we have used existing precedent for cutting through the several omissions, acknowledged jurisdiction and resolved this case on the merits.

We originally directed counsel for all the parties in this case to file supplemental briefs with this court to advise us why we should not impose sanctions upon them for their failure to advise this court of the jurisdictional issues present in this case. We have determined, by unpublished order, that no sanctions were warranted under the facts and circumstances of this particular case.

The decision by the district court to abstain is AFFIRMED, however, the dismissal of this case pursuant to abstention is VACATED and this case is REMANDED to the district court with direction to enter a stay of this litigation pending resolution of the parallel state court action.