**Jerry RICHMOND, Plaintiff–Appellant,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant–Appellee.**

**No. 95–3461.**

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1996.

Decided Aug. 16, 1996.

Frederick J. Daley (argued), Chicago, IL, for Jerry Richmond.

Barry Rand Elden, Chief of Appeals, Office of the U.S. Atty., Crim. Appellate Div., Chicago, IL, Kelly Rausch Larson (argued), Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, IL, for Shirley S. Chater.

Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

POSNER, Chief Judge.

Jerry Richmond appeals from the rejection by the district court of his challenge to the Social Security Administration's denial of disability benefits. The only question that warrants consideration in a published opinion is whether we can reach the merits of Richmond's appeal. We cannot if the district court lacked jurisdiction.

When Richmond's application for disability benefits was first considered by the Social Security Administration back in 1986, the administrative law judge found that he was not disabled and the Appeals Council affirmed. Richmond sought judicial review in a federal district court in this circuit, pursuant to 42 U.S.C. § 405(g), which authorizes the disappointed claimant to seek judicial review by filing a "civil action" in the appropriate district court. The court held that the administrative law judge had erred by failing to determine whether Richmond had knowingly waived his right to counsel, and that the absence of a lawyer had prevented him from making the necessary factual record in support of his claim. The court ordered that the case be sent back to the agency but did not purport to enter a final judgment; all the order accompanying the court's opinion states is that the court "remands" the case to the agency.

On remand, the waiver of counsel was rectified but Richmond was again found, by a different administrative law judge, not to be disabled. Rather than institute a new civil action in the district court to challenge this decision, which would have required filing a new complaint, Fed.R.Civ. P. 3, Richmond asked the district judge who had remanded the previous denial to reinstate his old case, which the judge did. Later, when Richmond's lawyer sought fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for the services he had rendered in the judicial proceeding that had culminated in the order of remand, he asked the judge to convert that order into a final judgment. The parties refer to this as a "Rule 58 judgment." Rule 58 of the civil rules requires, so far as bears on this case, that "every judgment shall be set forth on a separate document." The rule's reference to "judgment" is to *final* judgments, and the term "Rule 58 judgment" is shorthand for a judgment that is final and that is set forth on a document separate from the court's opinion. The minute order remanding Richmond's case was a document separate from the opinion, but used only the term "remand," and a remand order, as we are about to see, is not necessarily final.

Richmond's lawyer wanted the court to enter a document that would be unmistakably a Rule 58 judgment in order to make his fee petition unarguably timely. Such a petition must be filed within 30 days after the expiration of the 60–day period allowed for appealing from the final judgment in the action in which the fees are sought. 28 U.S.C. §§ 2412(d)(1)(B), (2)(G); *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Kolman v. Shalala*, 39 F.3d 173, 175–76 (7th Cir.1994). Richmond was worried that if he waited until the end of the entire case the petition for fees would be too late because the action in which the fees were being sought would have been long over, while if he filed the petition before the entry of a formal final judgment in that action the petition would be premature. Whether fees can be sought before entry of a final judgment is actually an unresolved question. *Melkonyan v. Sullivan*, 501 U.S. 89, 103, 111 S.Ct. 2157, 2165–66, 115 L.Ed.2d 78 (1991); *Damato v.*

*Sullivan*, 945 F.2d 982, 987 (7th Cir.1991). A dictum in *Cummings v. Sullivan*, 950 F.2d 492, 495 n. 4 (7th Cir.1991), suggests that they can be, but the drift in the other circuits is against the suggestion. See, e.g., *Goatcher v. Chater*, 57 F.3d 980, 981–82 (10th Cir. 1995); *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir.1993). Even if the other circuits are correct, and fees cannot be requested before a final judgment is entered, the absence of what we are calling (following the conventional usage) a "Rule 58 judgment" would not be fatal. The entry of a Rule 58 judgment is not a prerequisite to finality; it is merely evidence that the district court is done with the case, making its decision final and therefore appealable under 28 U.S.C. § 1291 ("final decisions"). *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam); *Otis v. City of Chicago*, 29 F.3d 1159, 1165 (7th Cir.1994) (en banc); *LaMotte v. Roundy's Inc.*, 27 F.3d 314, 315 n. 2 (7th Cir.1994); *Eberhardt v. O'Malley*, 17 F.3d 1023, 1024 (7th Cir.1994). The Supreme Court has so held with specific reference to remands to the Social Security Administration. *Shalala v. Schaefer, supra*, 509 U.S. at 302, 113 S.Ct. at 2632. Still, it was natural enough for Richmond's lawyer to fear that unless an order formalizing the finality of the order of remand was entered, he might not be able to get any fees for his successful effort in getting the original denial of benefits set aside. One cannot be too careful in taking precautions against finding oneself jurisdictionally barred from obtaining judicial relief.

The judge entered the formal final judgment as requested (that is, he converted his order of remand to a Rule 58 judgment) and at the same time granted the petition for fees. The Social Security Administration then pointed out that by entering a final judgment the judge had terminated the case in which the remand order had been issued, so that to invoke the court's jurisdiction in order to challenge the decision on remand Richmond would have to file a new complaint. To avoid the necessity for this, both parties asked the district judge to vacate (under Fed.R.Civ.P. 60(b)) both the final judgment and the award of fees, so that the

case could be reinstated or reactivated in the district court. (Why the lawyer was willing to forgo an immediate receipt of attorney's fees in order to avoid the $120 fee for filing a complaint is unclear.) The Social Security Administration improperly agreed not to contest the court's jurisdiction over the reinstated or reactivated case. Jurisdiction cannot be stipulated, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Prizevoits v. Indiana Bell Tel. Co.,* 76 F.3d 132, 134–35 (7th Cir. 1996), and lawyers violate their duty as officers of the court when they agree to suppress their doubts about the court's jurisdiction. *Aves By and Through Aves v. Shah,* 997 F.2d 762, 767 (10th Cir.1993); *In re Disciplinary Action Against Mooney,* 841 F.2d 1003, 1006 (9th Cir.1988) (per curiam), overruled on other grounds in *Partington v. Gedan,* 923 F.2d 686, 688 (9th Cir.1991) (en banc) (per curiam).

■ If, after the decision on remand, Richmond had to file a new complaint in order to confer jurisdiction on the district court to review the Social Security Administration's decision on remand, that court had no jurisdiction and we must vacate its decision affirming the Social Security Administration, because no new complaint was ever filed. Whether Richmond had to file a new complaint depends on whether the district court, when it remanded the case to the agency, nevertheless retained jurisdiction. For we assume that Richmond's motion to reinstate the case could not be treated as a complaint. Although mislabeling is not fatal, *Schlesinger v. Councilman,* 420 U.S. 738, 742 n. 5, 95 S.Ct. 1300, 1305 n. 5, 43 L.Ed.2d 591 (1975); *McNeil v. United States,* 964 F.2d 647, 649 (7th Cir.1992), aff'd. on other grounds, 508 U.S. 106, 110 n. 5, 113 n. 9, 113 S.Ct. 1980, 1982–83 n. 5, 1984 n. 9, 124 L.Ed.2d 21 (1993); *Pearson v. Gatto,* 933 F.2d 521, 527 (7th Cir.1991); *Hadden v. Rumsey Products, Inc.,* 196 F.2d 92, 95 (2d Cir.1952), the motion to reinstate did not comply with the requirements of federal law for filing a complaint in the district court. It did not state the basis of the district court's jurisdiction, did not ask for any relief (though perhaps this was implicit), and was not ac-

companied by the payment of the $120 fee. 28 U.S.C. § 1914(a); Fed.R.Civ.P. 8(a)(1)(3); *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 150 n. 4, 104 S.Ct. 1723, 1725 n. 4, 80 L.Ed.2d 196 (1984) (per curiam); *Shannon v. Shannon,* 965 F.2d 542, 552 (7th Cir. 1992); *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir.1993); *Bryant v. U.S. Dept. of Agriculture,* 967 F.2d 501, 503 (11th Cir.1992). Nor does Richmond claim that the defendant has waived compliance with these requirements (assuming they are waivable). *McNeil v. United States, supra,* 964 F.2d at 649.

■ The proper office of motions to reinstate needs to be clarified. The only certain difference between dismissing a suit without prejudice and dismissing it with leave to reinstate it is that reinstatement does not require the payment of a filing fee, as filing a new complaint after the dismissal of one's suit would. *Adams v. Lever Bros. Co.,* 874 F.2d 393, 395 (7th Cir.1989). Whether reinstatement must be sought before the expiration of the statute of limitations to keep the case alive, as would be required if a new complaint were filed (unless, possibly, the earlier complaint had been dismissed with leave to refile, see *Wilson v. Westinghouse Electric Corp.,* 838 F.2d 286, 290 (8th Cir.1988); *Vance v. Whirlpool Corp.,* 707 F.2d 483, 489, supplemented on rehearing, 716 F.2d 1010 (4th Cir.1983)), is unsettled. *Ohio River Co. v. Carrillo,* 754 F.2d 236, 239 (7th Cir.1985) (per curiam); *International Harvester Co. v. Rockwell Spring & Axle Co.,* 339 F.2d 949, 952 (7th Cir.1964). *Adams v. Lever Bros. Co., supra,* 874 F.2d at 395, and *Kerney v. Fort Griffin Fandangle Ass'n,* 624 F.2d 717, 721 (5th Cir.1980), both suggest "no"; *Evans Transportation Co. v. Scullin Steel Co.,* 693 F.2d 715, 718 (7th Cir.1982), and *Ford v. Sharp,* 758 F.2d 1018, 1024 (5th Cir.1985), both suggest "yes." We need not try to resolve the conflict here. Richmond's motion to reinstate was no more a real motion to reinstate than it was a complaint. Richmond did not want to reinstate his old case; that old case was a challenge to a previous order by the Social Security Administration. He wanted to challenge a new order, the order entered on remand.

To do this he had to commence a new case (which he did not do)—unless his old case was still in the district court, all set to resume when the agency completed its work. Although normally for a suit to be reinstated implies that it previously had been dismissed, *In re Ohio River Co., supra,* 754 F.2d at 238, if "reinstate" was here merely a synonym for reactivate—if the case remained on the judge's docket all the time, just in an inactive state—then the judge had the authority to review the decision that the agency rendered on remand.

▆▆▆ But did, or could, the judge retain jurisdiction over the case while remanding to the agency? The statute governing judicial review of social security disability claims, 42 U.S.C. § 405(g), allows the district court to remand in only two situations. The first, which is authorized by the fourth sentence of that section, is where the court is affirming, modifying, or reversing the agency's decision and the remand is an incident to that action. For example, the court might reverse the agency's denial of disability benefits because the agency had failed to articulate the basis for its decision, but allow the agency on remand to rectify the deficiency. The second situation in which a remand is authorized, this by the sixth sentence of section 405(g), is where the court wants to give the agency a chance to consider new evidence that had not been presented in the proceeding before the agency. When a "sentence four" remand is entered the case is over in the district court, but in the case of a "sentence six" remand the court can retain jurisdiction. *Shalala v. Schaefer, supra,* 509 U.S. at 296–300, 113 S.Ct. at 2629–30; *Kolman v. Shalala, supra,* 39 F.3d at 176–77.

▆▆▆ This distinction seems esoteric but actually corresponds to normal judicial practice. When an appellate court decides an appeal, the decision ends the case in that court even if the court orders further proceedings to be conducted in the district court. But when the appellate court is unable or unwilling to decide the appeal because of some loose end in the district court (or agency, if it is an administrative appeal), and remands the case to the lower court or the agency to have the loose end tied up, it often

will retain jurisdiction so that the consideration of the appeal can resume as soon as the tidying up is completed. *Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.,* 768 F.2d 189, 190–91 (7th Cir.1985); see, e.g., *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 507 n. 2 (7th Cir.1994); *Jones v. Jones Bros. Construction Corp.,* 879 F.2d 295, 300 (7th Cir.1989). The prototype of a sentence six remand would be a case in which relevant new evidence had come to light since the agency's decision under appeal, and the parties asked the district court to remand the case to allow the agency to consider the case further in light of the new evidence, so that when the appeal resumed the court would have the benefit of the agency's consideration of all the relevant evidence. E.g., *Travis v. Sullivan,* 985 F.2d 919, 923 (7th Cir.1993); *Myers v. Sullivan,* 916 F.2d 659, 662 (11th Cir.1990). It would be pointless in such a case to make the appellant start over, because the likelihood of a resumption of the appeal is so high, whereas in a sentence four case the expectation (not always fulfilled) is that the appellate court's decision, based as it was on a complete record, is sufficiently definitive to enable the dispute to be finally resolved on remand.

▆▆▆ Although it is usually clear whether a remand is of the sentence four or the sentence six variety, see, e.g., *Kolman v. Shalala, supra,* 39 F.3d at 175–76; *O'Connor v. Shalala,* 23 F.3d 1232, 1233 (7th Cir.1994), this case suggests that the borderline is not well marked. The basic error that the district court found in the agency's decision was failure to develop the record adequately. The Supreme Court said in *Schaefer* that "sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." 509 U.S. at 296–98 n. 2, 113 S.Ct. at 2629 n. 2. The remand in this case does not satisfy either criterion. The ground for it was not that new evidence had come to light which the agency ought to consider before the appeal was decided, but that the agency had erred in thinking that

the claimant had waived his right to counsel and that the claimant had been hurt by that waiver. When a criminal conviction is reversed because the defendant's lawyer failed to conduct an adequate investigation, this is a definitive decision, final in the appellate court, even though the consequence of the reversal is a remand for a new trial at which the fuller record that the lawyer should have developed will be developed. The district court's decision in the present case, though lacking the language of reversal, is closer to this example than to the prototypical remand for the consideration of newly discovered evidence. Furthermore, *Melkonyan v. Sullivan, supra*, 501 U.S. at 98, 111 S.Ct. at 2163, had characterized sentence-six remands as ones in which the district court "does not rule in any way as to the correctness of the administrative determination," whereas the district court certainly found error in the agency's first decision.

Yet the court here *intended* to retain jurisdiction, as shown by its actions in relation to the Rule 58 judgment. We noted earlier that whether a decision is final depends on whether the district court is through with the case, rather than on the formality of a Rule 58 judgment. That the judge first thought it necessary to enter a Rule 58 judgment to terminate his jurisdiction and then vacated that judgment in order to retain jurisdiction is convincing evidence that he didn't consider himself through with the case (except during the brief interval in which the Rule 58 judgment was in effect) and is some evidence that he was not, in fact, through with it. We said in *Kolman v. Shalala, supra*, 39 F.3d at 177, that the erroneous retention of jurisdiction is still the retention of jurisdiction. Against this it can be argued that an order affirming, modifying, or reversing a judgment *automatically* terminates jurisdiction in the ordering court, by virtue of sentence four, even if the judge purports to retain jurisdiction; the retention is void. But when a judge says that he is reversing the agency and remanding the case but retaining jurisdiction to consider any challenge to the agency's decision on remand, it is not clear that priority should be given to the reversal rather than to the retention of jurisdiction. It is as plausible to say that he is not really reversing because he

said he was retaining jurisdiction as it is to say that he is not really retaining jurisdiction because he said he was reversing. In this case, moreover, as in *Kolman and Damato v. Sullivan, supra*, 945 F.2d at 987, the district court's first decision did not use the word reversal or any synonym, but merely "remand"; likewise the magistrate judge's recommendation, which the judge adopted, just recommended remanding. These cases are perhaps most accurately characterized as ones in which the district judge erroneously thought he was proceeding under sentence six when he should have been proceeding under sentence four. This was a jurisdictional error, and it might seem obvious that the consequence is that the district court lost jurisdiction. It is not obvious. If the remand was void because sentence four authorizes a remand only as an incident to an order affirming, reversing, or modifying the agency's order, and the judge didn't do any of these three things, then it can be argued that the judge never lost jurisdiction.

█ *Curtis v. Shalala*, 12 F.3d 97, 100–01 (7th Cir.1993), points out that the absence of a Rule 58 judgment does not deprive a sentence four remand of finality. This is consistent with the general principle that such a judgment is not a sine qua non of finality. The difference between Curtis on the one hand and Kolman and the present case on the other hand is that while in all three cases the judge remanded without entering a Rule 58 judgment, in both *Kolman* (see 39 F.3d at 176) and the present case the judge made clear that he was retaining jurisdiction. The Social Security Administration should have refused to accept the remand on the ground that the judge had failed to relinquish jurisdiction over the case, as sentence four requires, or sought mandamus to compel him to relinquish jurisdiction.

█ Moreover, even if the remand order was a final judgment, terminating the case in the district court and thus requiring Richmond to file a new complaint in order to challenge the decision by the Social Security Administration on remand, Richmond was not *required* to treat the remand as a final judgment until the entry of a Rule 58 judg-

ment. (The minute order was too ambiguous to count as such.) In *Kolman* we emphasized, and here we repeat, the useful principle that while a losing party can appeal as soon as it is clear that the judge is through with the case, he can always wait till the entry of the Rule 58 judgment to appeal. 39 F.3d at 176; see also *Otis v. City of Chicago, supra,* 29 F.3d at 1167. (*Kolman* is not the only decision to remark this principle in the context of appeals from remands in social security cases. See *Flores v. Shalala,* 49 F.3d 562, 571 (9th Cir.1995); *Yang v. Shalala,* 22 F.3d 213, 216 (9th Cir.1994).) A Rule 58 judgment was entered here early on, but later retracted, reflecting the district court's understanding that it was retaining jurisdiction. Rule 58 provides a safe harbor, protecting appellants against the forfeiture of their right of appeal merely because of a failure to interpret an ambiguous order properly. The issue here is not whether Richmond could delay appealing from the remand order until the Rule 58 judgment was entered, but whether he could treat the proceeding in the district court as continuing until such a judgment, terminating that proceeding, was entered. The principle, however, is the same. See *Camp v. Gregory,* 67 F.3d 1286, 1290 (7th Cir.1995); *Jetero Construction Co. v. South Memphis Lumber Co.,* 531 F.2d 1348, 1351 (6th Cir.1976); *Hicks v. Resolution Trust Corp.,* 738 F.Supp. 279, 281 (N.D.Ill.1990).

So we have jurisdiction. As for the merits of Richmond's appeal, the decision of the Social Security Administration to deny his claim for benefits was supported by substantial evidence, as explained in the unpublished order accompanying this opinion. The judgment of the district court is therefore

AFFIRMED.