**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 15, 2012[*]
Decided February 24, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2924

| | |
|---|---|
| MICHELLE McDONALD, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 11 C 1425 |
| MICHAEL J. ASTRUE, *Defendant-Appellee*. | Joan Humphrey Lefkow, *Judge*. |

**O R D E R**

Michelle McDonald appeals the dismissal of her suit to recover supplemental security income and disability insurance benefits, *see* 42 U.S.C. §§ 423, 1382c. The district court dismissed her case without prejudice because the Social Security Administration had

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

yet to reach a final decision on her application for benefits. McDonald maintains that her suit should nevertheless proceed, arguing that the Commissioner's delay in reaching a final decision violates due process and therefore excuses her failure to exhaust administrative remedies. We affirm.

In late 2008 McDonald applied for supplemental security income and disability insurance benefits after suffering back injuries stemming from a medical procedure. The Social Security Administration denied her application initially and on reconsideration. She sought and received a hearing before an administrative law judge in September 2010. The Commissioner notified her of a supplemental hearing to be held seven months later, at which time McDonald could introduce the results of a consultative exam and other medical documents.

One day before the scheduled hearing, however, McDonald filed a complaint in the district court "to obtain benefits administered by the Social Security Administration." She claimed that the initial denial of her benefits was "arbitrary and capricious" and that "the agency [had] used an improper and injurious amount of time" to process her application. She requested that the "decisions and practices" of the Commissioner be reviewed and that the Social Security Administration "be ordered to make payment of [her] benefits." The following day, McDonald attended the supplemental hearing and testified about the consultative exam and various medical records.

The district court granted the Commissioner's motion to dismiss on grounds that McDonald failed to exhaust administrative remedies. The court stated that only "final decisions" may be reviewed, *see* 42 U.S.C. § 405(g), and that in McDonald's case neither the ALJ nor the Appeals Council had reached a final decision. The court granted McDonald leave to refile once she received the Commissioner's final ruling.

Meanwhile McDonald's administrative proceedings went forward. Days after the court's ruling, an ALJ dismissed her request for a hearing because she failed to appear at that hearing and did not establish good cause for failing to appear. One month later McDonald moved under Federal Rule of Civil Procedure 60(b)(3) for relief from judgment, arguing that the ALJ's dismissal of her third hearing was misconduct and retaliatory; the district court denied the motion.

On appeal McDonald maintains that the district court wrongly dismissed her complaint because the Social Security Administration has taken longer than 270 days to decide her application and thereby delayed a "final decision" in violation of due process. This due process challenge, in her view, excuses her from having to exhaust administrative remedies.

The "final decision" requirement of section 405(g) contains two elements, the first of which is purely "jurisdictional" in the sense that it cannot be waived. *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986). This non-waivable element is the requirement that a claimant present an application for benefits to the Commissioner. *Id.* The second element is the requirement that a claimant exhaust administrative remedies. *Id.*; *Johnson v. Sullivan*, 922 F.2d 346, 352-53 (7th Cir. 1990). The exhaustion requirement can be excused when the claimant presents a colorable constitutional challenge. *See Subia v. Comm'r of Social Sec.*, 246 F.3d 899, 902 (9th Cir. 2001).

McDonald's due process claim is not colorable. There is no due process right to have one's supplemental security or disability insurance benefits adjudicated in less than 270 days. Indeed, in *Heckler v. Day*, 467 U.S. 104, 112 (1984), the Supreme Court rejected the notion that federal courts can impose mandatory deadlines for processing Social Security claims. *Id.* at 111-18; *see Wright v. Califano*, 587 F.2d 345, 353-54 (7th Cir. 1978); *Fitzgerald v. Apfel*, 148 F.3d 232, 235 (3d Cir. 1998); *Reagan v. Sec'y of Health and Human Servs.*, 877 F.2d 123, 125-26 (1st Cir. 1989). In support of a 270-day deadline, McDonald invokes the Commissioner's 2011 testimony before Congress in which he proposes (upon elimination of the present backlog) being "able to decide hearings in an average of 270 days, which [he] believe[s] is the appropriate amount of time . . . to ensure due process." *See* Hearing Before the Subcomm. on Social Security of the H. Comm. on Ways & Means and Subcomm. on the Courts, Commercial and Administrative Law of the H. Comm. on the Judiciary, 112th Cong. (Jul. 11, 2011). In that same testimony, however, the Commissioner testified that despite recent budget cuts, and the receipt of almost 1.5 million more applications for benefits, the agency has reduced the time for deciding hearing requests from an average of 532 days in February 2008 to 353 days in June 2011. Although McDonald urges a 270-day deadline, we have already determined that delays of up to one year would not violate due process. *See Schroeder v. City of Chicago*, 927 F.2d 957, 960 (7th Cir. 1991); *Littlefield v. Heckler*, 824 F.2d 242, 247 (3d Cir. 1987) (holding that nine-month delay in rejecting ALJ's recommended decision does not violate claimant's right to due process). On this record, we need not delineate the circumstances when an egregious delay may violate due process. *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).

Finally McDonald challenges the district court's denial of her Rule 60(b) motion. But McDonald did not file a separate notice of appeal after the denial of the motion, and we therefore lack jurisdiction to consider her challenge. *See Sosebee v. Astrue*, 494 F.3d 583, 590 (7th Cir. 2007).

**AFFIRMED**.