In the

# United States Court of Appeals

## For the Seventh Circuit

—————————

No. 17-1081

JAMIE COSENZA,
on behalf of J.M.F., a minor,

*Plaintiff-Appellant*,

*v.*

NANCY BERRYHILL,
Acting Commissioner of Social Security,

*Defendant-Appellee*.

—————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 1:14-cv-01214-SLD-JEH — **Sara Darrow**, *Judge*.

—————————

SUBMITTED JULY 5, 2017 — DECIDED JULY 6, 2017 —

OPINION ISSUED OCTOBER 12, 2017[*]

—————————

---

[*] The court initially resolved this appeal by nonprecedential order. The order is being reissued as an opinion.

Before POSNER,** KANNE, and SYKES, *Circuit Judges*.

PER CURIAM. After the Social Security Administration de-
nied her application for disability benefits on behalf of her
minor son, Jamie Cosenza sought review in the district court.
The court found error in the administrative law judge's
reasoning, remanded the case to the agency for further
proceedings, and closed the federal case. While the agency
review still was ongoing, Cosenza filed two motions in the
closed district court case: one requesting that the court hold
the Social Security Commissioner in contempt for disobey-
ing its remand order and another asking that summary
judgment be granted in her favor. The district court rejected
both arguments and Cosenza appeals. We uphold the lower
court's rulings.

This case has a protracted procedural history. Cosenza
applied in 2011 for disability benefits on behalf of J.M.F., her
minor son. After a hearing the ALJ determined that J.M.F.
was not disabled, and the Appeals Council denied her
request for review. Cosenza sought judicial review in federal
court and argued that the ALJ was biased, had not fairly
developed the record, improperly found that her son's
autism and Asperger's syndrome were not "medically
determinable" impairments, and insufficiently substantiated
her findings. The district judge adopted a magistrate judge's
report and recommendation and granted summary judg-
ment for Cosenza. According to the district judge, the ALJ

---

** Circuit Judge Posner retired on September 2, 2017. He participated in
this case when it was originally issued as a nonprecedential order, but he
did not participate in the reissuance of this case as an opinion. *See*
28 U.S.C. § 46(d).

(1) did not separately assess whether J.M.F.'s impairments medically or functionally equaled Listing 112.02 (regarding organic mental disorders), and (2) did not explain her reliance on an ambiguous exhibit—a report that rated J.M.F.'s academic skills numerically without explaining what the numbers meant. The court remanded the case under the fourth sentence of § 405(g) of the Social Security Act for further agency action. *See* 42 U.S.C. § 405(g); *Cosenza ex rel. J.M.F. v. Comm'r of Soc. Sec.*, No. 1:14-cv-01214 (C.D. Ill. Aug. 11, 2015). Because a sentence-four remand terminates the case in the district court, *see Richmond v. Chater*, 94 F.3d 263, 267–68 (7th Cir. 1996), the court issued a final judgment closing the case.

On remand Cosenza's case was reassigned to another ALJ who conducted a hearing in March 2016. In June Cosenza filed a motion in the closed federal case to hold the Commissioner in contempt "for not following court ordered remand and or for a decision." In July the ALJ again ruled against Cosenza. The ALJ informed Cosenza that she could challenge the decision by either requesting review from the Appeals Council within 30 days or by filing a civil action once the agency's decision became final. *See* 20 C.F.R. § 416.1484. If Cosenza opted not to ask the Appeals Council for review, the ALJ advised, she could proceed to federal court—after giving the Appeals Council 60 days to decide on its own accord whether to review the case.

Cosenza did not wait 60 days for the decision to become final. Instead she both moved for summary judgment in the closed federal case *and* filed a letter with the Appeals Council requesting that it review the ALJ's decision. In response to the district court filings, the Commissioner filed two

motions: one to strike Cosenza's summary-judgment motion on the ground that the court lacked jurisdiction to consider it and another to deny her contempt motion because the Commissioner had not violated any court order. And the Appeals Council opted to postpone consideration of her agency appeal pending the outcome of this civil action.

On the report and recommendation of a magistrate judge, the district court granted the Commissioner's motion to strike the summary-judgment motion. The judge explained that the district court relinquished jurisdiction over Cosenza's case once it had remanded under sentence four of § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296–300 (1993); *Richmond*, 94 F.3d at 267–68. And to the extent Cosenza wished to challenge the ALJ's most recent unfavorable decision, the administrative appeals process had not yet finished (i.e., the record did not reflect that the Appeals Council had taken any action) and thus no final decision existed for the court to review. 20 C.F.R. § 416.1484. As for Cosenza's motion to hold the Commissioner in contempt, the judge denied the motion because Cosenza had not shown that the Commissioner violated the court's remand order.

On appeal Cosenza first insists that the Commissioner violated the remand order by repeating the same analytical errors that were the basis of the district court's remand and that the Commissioner therefore should be held in contempt. But, as the court explained, the ALJ had not issued an unfavorable decision at the time Cosenza filed her contempt motion. And anyway Cosenza's challenges to the analysis in the ALJ's decision amounted to a request for judicial review, for which she must follow the procedures outlined in the

statute and regulations and wait for a final decision from the agency. *See* § 405(g); 20 C.F.R. § 416.1484(a). Because the Commissioner did not violate any direct command of the remand order, the district court did not err in denying Cosenza's contempt motion.

Cosenza next challenges the court's decision to strike her summary-judgment motion on jurisdictional grounds. She contends that summary judgment in her favor is warranted because the ALJ on remand failed to fix the errors that the district court had identified in its remand order. But as the district court explained, a district court lacks jurisdiction under the Social Security Act to review an ALJ's unfavorable decision until the agency's decision is final. § 405(g). The agency's decision is not yet final because the Appeals Council has not yet decided whether to take up review of the ALJ's decision. *See* 20 C.F.R. § 416.1484(b). According to an affidavit submitted by an official in the Social Security Administration's Office of Appellate Operations, the Appeals Council will not process Cosenza's agency appeal until the current civil action is dismissed. Once the agency issues a final decision, Cosenza may pursue judicial review by filing a new complaint in the district court.

AFFIRMED.