NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019*
Decided February 27, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1794

| | |
|---|---|
| MICHELLE E. MCDONALD, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 9201 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, *Defendant-Appellee*. | Joan Humphrey Lefkow, *Judge*. |

## O R D E R

Michelle McDonald applied for disability insurance benefits and supplemental security income in 2008, but because of missed hearings, appeals to federal court, and other irregularities, the Social Security Administration had not determined the merits of her claim as of 2017. Unhappy with this delay, McDonald requested that the district

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court compel the agency to render a decision on her application. The court first denied her request as moot because an administrative law judge had, in the meantime, found that McDonald was not disabled, and second because McDonald had failed to exhaust her administrative remedies before taking further action in the district court. The court then denied McDonald's motion to reconsider. McDonald appeals, and we affirm.

The agency denied McDonald's 2008 application initially and upon reconsideration. McDonald requested a hearing before an ALJ, which she attended in September 2010; she later received notice of a supplemental hearing for March 2011. Just before the 2011 hearing, however, McDonald filed a complaint in federal court, alleging that the agency's initial denial of benefits was arbitrary and capricious and that the three-year delay in making a final merits determination was unlawful. On the agency's motion, the district court dismissed the case for lack of subject-matter jurisdiction because the agency had not yet issued a "final" decision. We affirmed that result in *McDonald v. Astrue*, 465 F. App'x 554 (7th Cir. 2012).

In the meantime, McDonald refused to attend the supplemental hearing, citing her pending lawsuit. The ALJ therefore dismissed her hearing request, leaving the denial of benefits intact. There was no merits decision at this time. The Appeals Council denied McDonald's request to review the ALJ's decision to not rule on her application.

With *that* final decision in hand, McDonald filed a new lawsuit—this case—in the district court. After initially dismissing the case, in 2014 the court granted McDonald's motion to reconsider and remanded her case back to the agency to make a merits determination on her claim of disability. The court determined that although McDonald had skipped her administrative hearing for misguided reasons, she had not "refused" to attend and therefore was entitled to a merits decision.

On remand, the Appeals Council ordered the ALJ to hold a new hearing and issue a decision on the merits. But on the day of her hearing, McDonald was not allowed to enter the building because, a security officer said, she "refused" to comply with security procedures; McDonald disputes that account. Because McDonald missed the hearing, the ALJ again refused to review the denial of benefits. But in 2016 the Appeals Council granted McDonald's request to command the ALJ to issue a decision on the merits. McDonald was sent one last hearing notice in October 2017, and a hearing was scheduled for January 2018 (almost four years after the district court's remand order).

Just before receiving the notice, however, McDonald had filed a motion in the district court requesting an "order to show cause." She claimed that the agency had failed to issue a decision on her claim of disability in violation of the 2014 remand order, and she requested that the court direct the agency to issue a merits ruling. Before the court addressed the motion, McDonald's 2018 hearing came and passed (and McDonald, for the third time, did not attend). The ALJ issued an unfavorable merits decision. McDonald did not appeal that result to the Appeals Council.

Then, three weeks after the ALJ's decision (and with ample time left for McDonald to administratively appeal it), the district court denied McDonald's motion to show cause "for the reasons stated on the record in open court." The hearing transcript is not in the record, but in its later decision denying McDonald's motion for reconsideration, the court stated that it had denied the motion to show cause "because a decision had, in fact, been made by an ALJ in her case …, and therefore McDonald was required to exhaust administrative remedies before the court could assume jurisdiction." The court then denied McDonald's motion to reconsider that decision because, instead of a motion to enforce the earlier remand order, "[h]er avenue of relief [was] to seek review in the Appeals Council and later in this court."

On appeal, McDonald first argues that the district court abused its discretion by denying her motion to show cause because the agency had not timely complied with the court's remand order to issue a ruling on the merits. Although we lack a transcript of the court's oral ruling, the order denying the motion for reconsideration sheds sufficient light on the court's rationale for us to meaningfully review the decision.

The district court treated McDonald's motion to show cause as a motion to hold the agency in contempt for not issuing a merits decision as ordered and to direct the agency to do so. *See, e.g.*, *De Manez v. Bridgestone Firestone N.A. Tire, LLC*, 533 F.3d 578, 589–91 (7th Cir. 2008) (explaining use of contempt sanction to coerce compliance with court order). A party seeking a contempt sanction must show that the defendant did not substantially comply with a court order and did so deliberately. *See Ohr ex rel. Nat'l Labor Relations Bd. v. Latino Exp., Inc.*, 776 F.3d 469, 474 (7th Cir. 2015). But the ALJ's decision followed closely on the heels of McDonald's motion, so she *had* received exactly what she requested and what the district court had ordered on remand. We therefore agree with the district court that after the ALJ denied awarding McDonald benefits, McDonald's motion was moot.

If McDonald wanted the district court to review the ALJ's denial of benefits, she needed to file a new complaint after exhausting her administrative remedies. *See Cosenza ex rel. J.M.F. v. Berryhill*, 873 F.3d 547, 548–49 (7th Cir. 2017). She could have filed that complaint either 60 days after the date of the ALJ's decision so that the decision would be "final" for purposes of judicial review, *see* 20 C.F.R. § 416.1484(d) (applicable in cases that have been remanded by a federal court), or after pursuing review of the ALJ's determination through the Appeals Council. *See* 42 U.S.C. § 405(g); *Casey v. Berryhill*, 853 F.3d 322, 326 (7th Cir. 2017). But she followed neither approach.

McDonald next contends that the agency's delay in reaching a decision on her application justified some other form of relief. But McDonald caused part of that delay by failing to show up at multiple hearings, and there was no remedy that the court could order in the context of McDonald's "show cause" motion that sought coercive relief—a request for the court to enforce its order and require a merits decision. True, courts may also impose monetary sanctions to compensate a party who has suffered costs because of contemptuous conduct. *See Ohr*, 776 F.3d at 479. But the only expense that McDonald identified in her motion was being without disability benefits—an issue properly adjudicated not in a motion for contempt, but rather on direct appeal once the ALJ's decision became final.

Finally, McDonald requests that we review the district court's denial of her motion for reconsideration. But she filed that motion on the same day as her notice of appeal from the denial of the show-cause motion, and she did not file an amended notice of appeal after she received the adverse ruling. We therefore lack jurisdiction to consider the district court's denial of that motion. *See* FED. R. APP. P. 4(a)(4)(B)(ii); *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012).

AFFIRMED